■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR R. LINDBERGH, Appellant.— Appeal by defendant from a judgment of resentence of the County Court, Nassau County, rendered October 4, 1968 upon a conviction of defendant of robbery in the first degree, burglary in the third degree and grand larceny in the first degree, upon a jury verdict, resentencing him as a second offender to concurrent terms of 5 to 10 years and 10 to 20 years, respectively on the grand larceny and burglary counts, and suspending sentence on the robbery count, *nunc pro tunc* as of June 19, 1964. Judgment reversed, on the law, and case remitted to the court below for further proceedings as hereinafter indicated. Findings of fact below, if any, have not been considered. On resentence, defendant was given the opportunity, for the first time, of contesting the constitutionality of a prior felony conviction, upon a plea of guilty, which was sought to be used against him as a predicate for multiple offender treatment (Penal Law, § 1943 [the controlling statute when the crimes for which he was being sentenced were committed]). Through counsel, defendant orally claimed that the prior conviction was improperly obtained because his plea of guilty had been coerced and because "he was not warned of his rights." The record is not clear as to the substance of defendant's claim of not having been warned. In any event, it was improper for the court to summarily deny defendant's claim that his plea had been coerced. A hearing was required (*People* v. *Webster,* 32 A D 2d 557; *People* v. *McRae,* 32 A D 2d 772). Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALLACE MATTHEW, JR., Also Known as MATTHEW WALLACE, Appellant.— Appeal by defendant from a judgment of resentence of the Supreme Court, Kings County, rendered May 12, 1967 upon a conviction of murder in the first degree, upon a jury verdict, resentencing him *nunc pro tunc* as of April 7, 1947. Judgment affirmed. Defendant's claim of an illegal search and seizure is not cognizable (*People* v. *Friola,* 11 N Y 2d 157; *People* v. *Muller,* 11 N Y 2d 154; cf. *People* v. *Spero,* 25 A D 2d 882). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.