THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD ASKEW, Also Known as JAMES WILSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 14, 1972, convicting him of possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing an indeterminate sentence of not more than three years. The facts upon which the judgment is based have been considered and determined to have been established. Judgment reversed, on the law, and a new trial ordered. Notwithstanding the strong evidence of defendant's guilt, we feel that the Trial Judge's disparagement of defense counsel and his undue participation during the course of the trial require that the judgment be reversed and a new trial be had (cf. *People* v. *Mendes*, 3 N Y 2d 120, 121; *People* v. *Williams*, 40 A D 2d 690; *People* v. *Adler*, 274 App. Div. 820; *People* v. *Kilroe*, 201 App. Div. 549, 556; *People* v. *Di Carlo*, 242 App. Div. 328). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS CARUSO and HERBERT ZIMMERMAN, Appellants.— Appeal by defendants, as limited by their briefs, from two sentences (one as to each defendant) of the County Court, Nassau County, imposed July 13, 1972. Sentences affirmed. No opinion. The case is remitted to the County Court, Nassau County, for proceedings to direct defendants to surrender themselves to said court in order that execution of the sentences be commenced or resumed (CPL 460.50, subd. 5). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM CONNELLY, Respondent.— Appeal by the People from an order of the County Court, Dutchess County, dated July 11, 1972, which granted a motion by defendant William Connelly to dismiss the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to provide a chain of evidence. Order reversed, on the law, motion denied and indictment reinstated. In our opinion, the laboratory certificate, pursuant to statute (CPL 190.30, subd. 2), established the contents of the item examined (cocaine), as well as its source (*People* v. *Peluso*, 29 N Y 2d 605; *People* v. *Ahrens*, 41 A D 2d 675). Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD FIERRO, Appellant.— Appeal by defendant from a sentence of the Supreme Court, Queens County, imposed May 31, 1972, upon a conviction of attempted possession of weapons and dangerous instruments and appliances as a felony, upon a plea of guilty. The sentence imposed was an indeterminate prison term not to exceed four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to five years' probation (Penal Law, § 65.00, subd. 3, par. [a]) and case remanded to the Criminal Term to fix the conditions of probation. In our opinion, the sentence was excessive to the extent indicated herein. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.