William T. Cowin, J.
The defendant has been convicted under a three-count indictment which accuses him of kidnapping *714 in the second degree (Penal Law, § 135.20, a Class B felony), assault in the second degree (Penal Law, § 120.05, a Class D felony) and attempted sexual abuse in the first degree (Penal Law, §§ 110, 130.65, a Class E felony).
Defendant now before the court for sentence moves to set aside the verdict pursuant to CPL 330.30 (suibd. 1) and CPL 330.40 (suibd. 1).
The record reveals that about 8:30 p.m, on August 28, 1973, the complainant, while walking down Avenue I between 23rd and 22nd (Streets, was approached by defendant, grabbed around the neck and dragged by .him for a distance of some 70 feet into a dark garage. That upon entry into the garage, the defendant cut her on the neck and hand and ripped off her clothing. She thereafter fainted and did not regain consciousness .until some two hours later, when she was found stripped of her clothing, naked from the waist down and visibly injured. Upon evidence of these facts, the defendant was convicted on all three counts after a jury trial.
It is defendant’s principal contention that under the fact pattern of this case the asportation and detention herein not being substantial and merely incidental to or ancillary to the actual intent of defendant, the kidnapping merged into the assault and attempted sexual abuse charges. Defendant relies upon People v. Levy (15 N Y 2d 159) and People v. Lombardi (20 N Y 2d 266) as authority for this contention.
The People contend that it is the fact of forcible restraint and removal that brings defendant’s acts within the purview of the instant statute (Penal Law, § 135.20, L. 1965, ch. 1030, eff. Sept. 1, 1967) irrespective of the length of time as to confinement or of the distance as to asportation and that a literal reading of the statute does not foreclose a conviction within the factual setting of this case.
Research has failed to disclose any reported cases dealing with merger and the kidnapping .in the second degree statute.
The question thus presented is whether the act of kidnapping as alleged in this indictment merged into the assault and sexual abuse charges.
(Section 135.20 of the Penal Law provides that: “A person is guilty of kidnapping in the second degree when he abducts another person. ’ ’ (Emphasis supplied.)
¡The term abduct is defined in subdivision 2 of section 135.00 of the Penal Law as: “ to.restrain a person with intent to prevent his liberation by either (a) secreting or holding him in *715 a place where he is .not likely to be found, or (b) using or threatening to use deadly physical force.”
The term restrain .is defined in subdivision 1 of section 135.00 of the Penal Law as “ to restrict a person’s movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in a place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful.”
Under article 135 the Legislature intended to revise the crime of kidnapping and presented a new scheme of offenses designed to distinguish between the various types of kidnapping conduct.
•In reference to the enactment of section 135.20 of the Penal Law, kidnapping in the second degree, the Practice Commentary by Richard Gr. Denzer and Peter McQuillan (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, '§ 135.20, p. 316) .states: ‘ ‘ This section defines the basic offense of kidnapping, which, as indicated, consists of abductive restraint * * * of a nature so serious and culpable as to require a much higher penalty than that which may be imposed for the crime of unlawful imprisonment * * * Examples of kidnapping conduct supporting a second degree but not a first degree conviction are numerous: child stealing by a love-starved woman * * * and confinement of a guard or watchman by violence or threat for a few hours for the purpose of advancing a burglary.”
The court holds that under the new statute (Penal Law, § 135.20), if there is an abductive restraint and confinement, coupled with an asportation or use of deadly physical force, there can be a kidnapping in the second degree irrespective of the other counts in the indictment.
The instant statute imposes no limitation on time or distance when compared with kidnapping in the first degree, where at least a 12-hour confinement is a necessary element.
In interpreting this statute, the language of Judge Hubbs in People v. Hope (257 N. Y. 147, 152) is very pertinent, wherein it is stated: “ The statute must be given a reasonable construction in order to promote the efficient enforcement of the criminal law, to prevent crime and to promote the ends of justice. The object of the statute and the common law on the subject was the same, to secure the personal liberty of citizens and to secure to them the assistance of the law necessary to release them from unlawful restraint.”
*716 The court is .aware that there are two entirely different theories as to whether kidnapping offenses should merge with other felonies charged in the same indictment.
One line of reasoning states that regardless of the amount of movement, it is the fact of forcible removal and not the distance of forcible removal that constitutes the separate crime of kidnapping. (State v. Morris, 281 Minn. 119; State v. Jacobs, 93 Ariz. 336, app. dsmd. and cert. den. 375 U. S. 46; State v. Ayers, 198 Kan. 467.)
Other jurisdictions including New York have stated that seizure or detention alone is not necessarily sufficient to constitute the crime of kidnapping. Movements merely incidental to the commission of a rape, robbery, etc., which do not substantially increase the risk of harm over and above that risk necessarily present in rape, robbery, etc., do not constitute the separate crime of kidnapping. (People v. Levy, 15 N Y 2d 159, supra; People v. Lombardi, 20 N Y 2d 266, supra; People v. Daniels, 71 Cal. 2d 1119.)
Since the Levy and Lombardi' cases were decided under the old kidnapping statute, they are not controlling in the instant ease.
In addition, under the fact pattern herein, no matter which rule is used, it would be of no aid to defendant since the dragging of the complainant into the garage and the ensuing events substantially increased the risk of harm over and above the risk involved or present in the attempted sexual abuse.
There is nothing in this section to show legislative intent that the crime of kidnapping in the second degree requires asportation of a victim for any particular distance or length of time as stated in kidnapping in the first degree. The section only requires that there be an actual asportation of the victim without regard to the extent or degree of movement. (See 51 C. J. S., Kidnapping, § 1, subd. [8], p. 502.)
In People v. Miles (23 N Y 2d 527, 540) the court, through Judge Bbeitbl, in discussing the Levy-Lombardi rule (merger), stated: ‘ ‘ the Levy-Lombardi rule * # * was not designed to merge ‘ true ’ kidnappings into other crimes merely because the kidnappings were used to accomplish ultimate crimes of lesser or equal or greater gravity.”
The act of kidnapping and attempted sexual abuse violates separate rights of the person. Sexual abuse forces upon a person sexual contact against the person’s will. Kidnapping is a restraint on personal liberty which includes inherent dangers not present in other crimes. It exposes the victim to *717 the dangers of death or bodily injury since the asportation is frequently accompanied by the use of force (See Rationale of the Law of Kidnapping, 53 Colum. L. Rev. 540, 554-555).
These added dangers seem to justify the imposition of greater punishment than would be involved in other Primes.
The situation is somewhat analogous to a fact pattern for which larceny and. burglary are involved. Burglary involves entering or remaining in a building with an intent to commit a crime therein, while larceny consists of a wrongful taking of property from its owner; just as an intent to commit larceny would not constitute a defense to a burglary charge, so the commission of the crimes of assault or attempted sexual abuse should not be allowed as a defense to the charge of kidnapping. If the criminal commits separate acts which constitute that of kidnapping and other felonies, the court holds that he should be punished for them separately.
A reading of section 135.20 of the Penal Law and the evidence in the record as to defendant’s behavior from the initial seizure, asportation to the garage, the ensuing assault and sexual abuse of the complainant, warrant the court in concluding that there was amply sufficient evidence to submit to the jury defendant’s guilt of the crime of kidnaping in the second degree.
It follows that the determination of the jury that the defendant was guilty of kidnapping in the second degree must be respected and upheld.
Accordingly, defendant’s motion to set aside the verdict is denied (OPL 330.40, subd. 2, par. [e], cl. [i]).