■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MERCADO, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Kings County, both rendered April 18, 1974, convicting him, respectively, of (1) criminally selling a dangerous drug in the third degree and (2) bail jumping in the first degree, upon his pleas of guilty, and imposing sentence. Judgments affirmed. Defendant was indicted for and charged with criminally selling a dangerous drug in the second degree, criminal possession of a dangerous drug in the fourth degree (two counts) and criminal possession of a dangerous drug in the sixth degree. The Grand Jury separately indicted him for bail jumping in the first degree. A jury was selected and sworn to try the indictment on the drug charges and, on February 5, 1974, preliminary instructions were given to the jury. A luncheon recess was then declared, after which defendant interrupted the trial to plead guilty as noted above. Ten weeks later, on the day of sentence, defendant sought to withdraw his pleas of guilty and go to trial. The trial court refused permission for such withdrawal and proceeded to impose sentence. The plea minutes indicate that defendant entered his guilty pleas with a full awareness of the implications, including the possibility of prison sentences, and with an unqualified statement that he had committed the crimes. On this appeal the District Attorney has conceded that an evidentiary hearing on the request for withdrawal of the pleas should have been had, with new counsel appointed for defendant. Notwithstanding this, we see no reason to conduct such a hearing, for, as noted in *People v Tinsley* (35 NY2d 926, 927): "We conclude that the opportunity given defendant at the time the motion was made to withdraw his plea—to speak for himself and to have his counsel address the court on his behalf—met the required procedural standard." The circumstances of the case adequately meet the requirements of *People v Tinsley (supra)* and we accordingly affirm. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.