■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CASSIDY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 30, 1975, convicting him of kidnapping in the second degree, assault in the second degree and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of kidnapping in

the second degree and the sentence imposed thereon, and dismissing the count therefor in the indictment. As so modified, judgment affirmed. The case is remitted to the Supreme Court, Kings County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). The proof of kidnapping in the second degree (Penal Law, § 135.20) was insufficient, since the evidence showed that any detention of the victim was incidental to the commission of the crimes of assault and attempted sexual abuse *(People v Lombardi,* 20 NY2d 266; *People v Levy,* 15 NY2d 159; *People v Watts,* 48 AD2d 863; *People v Usher,* 49 AD2d 499). The trial court's ruling on defendant's *Sandoval* application was not an abuse of discretion (see *People v Sandoval,* 34 NY2d 371). The admission of third-party bolstering testimony of Detectives Flynn and Morris was error *(People v Caserta,* 19 NY2d 18), but must be deemed harmless in view of the adequate opportunity afforded the complainant during the commission of the crime to identify the perpetrator. That she had in fact carefully observed him during that time was manifested by (a) her ability shortly thereafter to furnish a full description and (b) her strong identification testimony at the trial (cf. *People v Caserta, supra).* Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur. [80 Misc 2d 713.]