■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DOLAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 21, 1975, convicting him of kidnapping in the second degree and menacing, after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reversing the conviction and sentence for kidnapping in the second degree, and the said count is dismissed. As so modified, judgment affirmed (*People v Lombardi,* 20 NY2d 266; *People v Levy,* 15 NY2d 159; *People v Watts,* 48 AD2d 863; *People v Usher,* 49 AD2d 499; *People v Cassidy,* 50 AD2d 803). Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES HARRISON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 6, 1972, convicting him of assault in the third degree and possession of a weapon, dangerous instrument and appliance, as a misdemeanor, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and indictment dismissed. Notwithstanding the evidence of defendant's guilt, we believe that the trial court's disparagement of defense counsel and its undue participation during the course of the trial require that the judgment be reversed (see *People v Richburg,* 47 AD2d 909; *People v Setaro,* 44 AD2d 847; *People v Askew,* 42 AD2d 717; cf. *People v Mendes,* 3 NY2d 120, 121). Furthermore, since defendant has served his sentence, the indictment should be dismissed (see *People v Kvalheim,* 17 NY2d 510). Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.