THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK P. FOUNTAIN, Appellant.—Judgment of the County Court, Nassau County, rendered November 25, 1975, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GHEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 31, 1975, convicting him of kidnapping in the second degree, rape in the first degree (two counts), sexual abuse in the first degree (three counts), sexual misconduct (three counts), sodomy in the first degree, robbery in the first degree (two counts), robbery in the second degree, grand larceny in the third degree, petit larceny, possession of weapons, etc., as a felony, and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of kidnapping in the second degree, sexual abuse in the first degree (three counts), sexual misconduct (three counts), robbery in the second degree, grand larceny in the third degree, petit larceny, possession of weapons, etc., as a felony, and unauthorized use of a vehicle, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The findings of fact are affirmed. The proof of kidnapping in the second degree was insufficient, since the evidence showed that any detention of the victim was incidental to the commission of the other crimes (see *People v Dolan,* 51 AD2d 589; *People v Cassidy,* 50 AD2d 803; *People v Usher,* 49 AD2d 499; *People v Watts,* 48 AD2d 863). With respect to the remaining counts which we are reversing, these are inclusory concurrent offenses embraced within the counts which charged defendant with the crimes of rape in the first degree, sodomy in the first degree and robbery in the first degree. This is conceded by the People in their brief and a conviction on the greater counts is deemed a dismissal of every lesser count submitted (see CPL 300.40, subd 3, par [b]; *People v Grier,* 37 NY2d 847). We have examined the other arguments raised by defendant and find them to be without merit. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.