■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN FRASER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 20, 1974, convicting him of kidnapping in the second degree, robbery in the first and second degrees and grand larceny in the third degree (two counts), upon a jury verdict, and sentencing him as a second felony offender. Judgment modified, on the law and the facts, by (1) reducing the conviction of kidnapping in the second degree to a conviction of unlawful imprisonment in the first degree, (2) reversing the convictions of grand larceny in the third degree (two counts), and the sentences imposed thereon, and dismissing the said counts, and (3) otherwise vacating all of the sentences imposed upon defendant. As so modified, judgment affirmed, and case remanded to Criminal Term for a hearing to be held in accordance herewith and for resentence upon the unlawful imprisonment and robbery convictions following such hearing. Defendant's conviction of kidnapping in the second degree cannot stand. The proof revealed that any detention of the victim was incidental to the commission of the crimes of rape, sodomy and robbery (cf. *People v Watts,* 48 AD2d 863; *People v Usher,* 49 AD2d 499; *People v Lombardi,* 20 NY2d 266). Since the crime of unlawful imprisonment in the first degree was established beyond a reasonable doubt, the judgment has been modified accordingly (see *People v Ennis,* 50 AD2d 935). The grand larceny convictions were inclusory concurrent counts of the robbery counts. Therefore, the grand larceny convictions must be reversed (see CPL 300.40, subd 4; *People v Grier,* 37 NY2d 847). Defendant was improperly sentenced. He asserted that his prior conviction was the result of his having been represented by incompetent counsel. Criminal Term should not have summarily rejected defendant's claim. A hearing is required (see CPL 400.21; *People v Lindbergh,* 33 AD2d 800). Defendant's other contentions have been considered and have been found to be without merit. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.