■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. BRINSON, III, Appellant.—Judgment unanimously modified, on the law and facts, to reverse the conviction for kidnapping, second degree, and dismiss that count of the indictment, and otherwise judgment affirmed, Simons, J., not participating. Memorandum: Defendant was convicted of robbery of an automobile, first degree, kidnapping, second degree, of an occupant thereof, Grant Walcott, and criminal possession of a weapon, second degree. He contends that (1) as a matter of law he was not guilty of kidnapping, (2) the court erred in refusing to charge unauthorized use of a vehicle as a lesser included crime of robbery, first degree, (3) the verdict of guilty of criminal possession of a weapon, second degree, was against the weight of the evidence, and (4) the sentence was excessive. The record shows that Walcott, 18 years old, rode with two boy friends in the automobile of one of them to a parking area of a shopping center, where his two friends went into a store, leaving him in the car with the motor running. Defendant came to the car, drew a cocked pistol, put it in Walcott's side and ordered him to get over, and defendant got behind the driver's wheel. Defendant kept the gun in Walcott's side and drove out of the parking area followed by a partner in another vehicle. After driving a short distance he stopped the car and his partner joined them. Defendant ordered Walcott to drive the car, but he replied that he did not know how. Defendant and Walcott then got in the rear seat and the partner drove the car. Walcott repeatedly asked to be let

out, but defendant told him that they needed him to help them rob a gasoline station and that they could not release him because he could identify them. He ordered Walcott to be quiet under the threat of being killed. After driving around the area for about 15 minutes the car was stopped near a dump and Walcott was ordered to get out, defendant saying that they had to get rid of him. Walcott got out and started walking, with defendant pointing the cocked gun at him. Fortuitously, Walcott's friends were returning to the car as defendant drove it from the parking area with him, and they saw him go. They promptly notified the police who began to search for the car. The police came upon the car at the moment Walcott, with gun trained on him, began walking away. Defendant's partner ran away. Walcott saw defendant hide the gun in the car and re-enter it. The police seized the gun, still cocked and loaded, and arrested defendant; and he was tried and convicted as above stated. Since September 1, 1967 there have been two degrees of kidnapping in New York (Penal Law, §§ 135.20, 135.25). Section 135.25 defines kidnapping in the first degree in part as when a person abducts another person and restrains him for a period of more than 12 hours with intent to accomplish or advance the commission of a felony. Section 135.20 defines kidnapping in the second degree as the abduction of another person. Defendant contends that although there is evidence that he abducted Walcott for the accomplishment of a felony, the abduction continued for less than one-half hour and so it was not kidnapping in the first degree, and that it was not the sort of abduction intended to be encompassed in the crime of kidnapping in the second degree. Although section 135.25 of the Penal Law was designed to aid in the prevention of gross distortion of lesser crimes into a much more serious crime, it does not necessarily prevent an abduction for less than 12 hours from being a kidnapping in the second degree (see *People v Miles,* 23 NY2d 527, 540; *People v Usher,* 49 AD2d 499, 506–507, affd 40 NY2d 763). Nevertheless, on the facts of this case it is apparent that defendant had no preconceived plan for abducting Walcott; and on learning that Walcott could not drive the car, defendant obviously did not know what to do with him, and released him within less than one-half hour. Whether defendant was about to use Walcott in connection with another robbery, which was abandoned, or was about to kill him so that he could not later identify defendant, is speculative. Moreover, such detention related to robbery. Defendant was clearly guilty of unlawful imprisonment in the first degree (Penal Law, § 135.10) but that was not submitted to the jury as a lesser included crime of kidnapping, second degree, nor was it requested to be. We conclude that defendant was not guilty of kidnapping within the meaning and intent of the revised kidnapping laws *(People v Cassidy,* 40 NY2d 763, affg 50 AD2d 803, modfg 80 Misc 2d 713; *People v Usher,* 40 NY2d 763, affg 49 AD2d 499, *supra; People v Ghee,* 53 AD2d 699; *People v Mabery,* 51 AD2d 557; *People v Palmer,* 50 AD2d 839; *People v Watts,* 48 AD2d 863; see, also, *People v Miles,* 31 NY2d 918). Although defendant was guilty of unauthorized use of an automobile as a lesser included offense of robbery thereof *(People v Kirnon,* 39 AD2d 666, affd 31 NY2d 877), there is no possible view of the facts in this case by which the jury could have found him guilty of that crime and yet not guilty of the robbery (see *People v Kirnon, supra; People v Asan,* 22 NY2d 526, 530; CPL 300.50, subd 1). The court, therefore, properly refused the request to charge the lesser crime. There is no merit to the claim that the conviction of criminal possession of a weapon was against the weight of the evidence. Although the sentence was severe, on the facts of this case we find no reason for interfering with the sentencing court's

discretion in that respect. (Appeal from judgment of Niagara County Court —robbery, first degree, and other charges.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.