■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WEBB, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 22, 1975, convicting him of kidnapping in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reducing the conviction of kidnapping in the second degree to a conviction of unlawful imprisonment in the first degree, and vacating the

sentence imposed thereon. As so modified, judgment affirmed and case remanded to Criminal Term for resentence on the conviction of unlawful imprisonment in the first degree. The complainant left her apartment on October 8, 1973 at approximately 4:50 A.M. She was approached by defendant-appellant who asked her about an address. He then put his arm around her neck and held a gun to her head; he took her to the basement of 811 Flushing Avenue, Brooklyn, where he raped her, forced her to commit sodomy and took United States currency from her. The entire incident lasted almost two hours. Defendant was convicted of kidnapping in the second degree and grand larceny in the third degree. In *People v Cassidy* (40 NY2d 763, 767) the court stated: "The merger doctrine * * * preclude[s] conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them." We hold that defendant's conviction of kidnapping in the second degree (Penal Law, § 135.20) cannot stand. The proof of said crime was insufficient; the evidence revealed that any detention of the complainant was incidental to the commission of the crime of rape (cf. *People v Fraser*, 54 AD2d 965; *People v Webster*, 54 AD2d 703). However, this insufficiency should not result in a dismissal of the charge. Since the crime of unlawful imprisonment in the first degree was established beyond a reasonable doubt, we have modified the judgment accordingly (see *People v Fraser, supra; People v Webster, supra; People v Ennis*, 50 AD2d 935). Regarding the contention that the prosecutor's summation denied defendant a fair trial, we hold that while some of the prosecutor's comments were improper, there was no prejudice to defendant. We have considered defendant's other contention and find it to be without merit. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.