■ The People of the State of New York, Respondent, v Joseph Mirabile, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 14, 1976, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ The People of the State of New York, Respondent, v Richard Newman, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 11, 1975, convicting him of assault in the second degree, robbery in the third degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of grand larceny in the third degree and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Grand larceny in the third degree is a lesser included offense of robbery in the third degree *(People v Little,* 52 AD2d 896; *People v Norde,* 49 AD2d 735; see CPL 300.40, subd 3, par [b]). We have considered the defendant's other arguments and find them to be without merit. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ The People of the State of New York, Respondent, v Carl Siragusa, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 27, 1975, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed (see *People v Francis,* 38 NY2d 150; *People v Nixon,* 21 338; cert den *sub nom. Robinson v New York,* 393 US 1067). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ The People of the State of New York, Respondent, v Carl Steward, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 6, 1975, convicting him of kidnapping in the second degree, attempted sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), attempted sexual misconduct (two counts) and assault in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the convictions of kidnapping in the second degree, attempted sexual misconduct (two counts) and assault in the third degree (two counts), and the sentences imposed thereon, and the said counts are dismissed. As so modifed, judgment affirmed. The defendant-appellant contends, and the People concede, that his conviction of kidnapping in the second degree cannot stand. The evidence revealed that any detention of the victim was incidental to the commission of the crimes of attempted sodomy and sexual abuse (cf. *People v Cassidy,* 40 NY2d 763; *People v Fraser,* 54 AD2d 965; *People v Webster,* 54 AD2d 703). The People also concede that the charges of attempted sexual misconduct and assault in the third degree should be dismissed as lesser included offenses of attempted sodomy in the first degree. The judgment has been modified accordingly. We have considered defendant's other contentions and find them to be without merit. Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.