■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIEN WASHINGTON, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed October 27, 1975, and cross motion by the People to dismiss the said appeal. Cross motion granted and appeal dismissed. The issue raised herein has already been decided (see *People v Washington,* 54 AD2d 828). Mollen, P. J., Damiani, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN WHITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 6, 1974, convicting him of kidnapping in the second degree, robbery in the second degree and two counts of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by (1) reducing the conviction of kidnapping in the second degree to a conviction of unlawful imprisonment in the first degree and (2) reversing the convictions of grand larceny in the third degree (two counts), and the sentences imposed thereon, and dismissing the said counts. As so modified, judgment affirmed, and case remanded to Criminal Term for sentencing upon the unlawful imprisonment conviction (see *People v Fraser,* 54 AD2d 965, application for lv to app den 40 NY2d 1082). We are unanimous in the disposition of the appeal. However, a majority of this court concurs in the reduction of the kidnapping charge to one of unlawful imprisonment in the first degree on constraint of the previous cases decided by this court (see *People v Ennis,* 50 AD2d 935; *People v Watson,* 57 AD2d 143; *People v Webster,* 54 AD2d 703; *People v Fraser, supra).* The majority believes that there should be an outright dismissal of the kidnapping charge and that under the circumstances the court has no authority to reduce the conviction to one of unlawful imprisonment (cf. *People v Usher,* 49 AD2d 499, 507, affd 40 NY2d 763). Mollen, P. J., Suozzi, Shapiro and Hawkins, JJ., concur.