■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HICKS, Appellant.—Judgment of the Supreme Court, Queens County, rendered March 8, 1977, affirmed (see *People v Tinsley,* 35 NY2d 926; *People v Mercado,* 50 AD2d 601). Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 2, 1975, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction to one of unlawful imprisonment in the first degree and vacating the sentence imposed. As so modified, judgment affirmed and case remitted to Criminal Term for resentence in accordance herewith. The complainant was locking her car door when she was approached by the defendant-appellant, who took a revolver out "from the side of his jacket" and demanded money from her. Pressing the gun against her ribs, he forced her to accompany him to Prospect Park, where he raped her. The entire incident lasted more than one hour. Defendant was convicted of kidnapping in the second degree. In *People v Cassidy* (40 NY2d 763, 767), the court stated: "The merger doctrine * * * preclude[s] conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them." We hold that defendant's conviction of kidnapping in the second degree (Penal Law, § 135.20) cannot stand. The proof of that crime was insufficient; the evidence revealed that any detention of the complainant was incidental to the commission of the uncharged crime of rape (cf. *People v Fraser,* 54 AD2d 965; *People v Webster,* 54 AD2d 703). However, this insufficiency should not result in a dismissal of the charge. Since the crime of unlawful imprisonment in the first degree was established beyond a reasonable doubt, we have modified the judgment accordingly (see *People v Webb,* 59 AD2d 618; *People v Fraser, supra; People v Webster, supra; People v Ennis,* 50 AD2d 935). Martuscello, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS PARALES, Also Known as FLORESMILO JACOME, Appellant.—Judgment of the Supreme Court, Queens County, rendered January 15, 1976, affirmed (see *People v Crimmins,* 36 NY2d 230). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.