## FOURTH DEPARTMENT, APRIL, 1979

## (April 6, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODELL C. TILLMAN, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, and defendant remanded to Erie County Supreme Court for resentence, in accordance with the following memorandum: At approximately 12:30 A.M. on September 24, 1976, complainant in the course of parking her car in front of her home was forced at shotgun point by a person whom she identified as the defendant to unlock her car door and admit him and two other youths. With a shotgun and pistol trained on her, she drove under the command of defendant to various locations and was later forced to permit one of the youths to drive the vehicle. Subsequently, she was ordered to retake the wheel and after the two youths exited the vehicle, she was compelled by defendant to drive to a parking lot. There under threat of an exposed razor he raped her. Then

approximately 45 minutes after the initial abduction, defendant forced her at shotgun point into the trunk of her automobile, where she was locked and held for approximately 12 hours. After the automobile crashed into a tree and the driver fled, she banged on the trunk lid to attract attention and was finally released. Defendant was convicted of two counts of kidnapping (one related to the restraint imposed upon the complainant before her rape and the second to her confinement and transportation in the trunk of her automobile), one count of rape in the first degree and one count of unauthorized use of a motor vehicle. Defendant contends, *inter alia,* (1) that since complainant's confinement was not for ransom but merely incidental to the unlawful taking and use of the automobile, the facts on which the kidnapping counts were predicated did not rise to the level of "kidnapping" in its commonly accepted sense as construed by the courts, and (2) that the trial court erroneously refused to charge unlawful imprisonment as a lesser included offense of the kidnapping counts. In *People v Cassidy* (40 NY2d 763, 767), the court stated: "The merger doctrine * * * preclude[s] conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them." We hold that the defendant's conviction of kidnapping for the restraint imposed upon complainant before the rape and until her imprisonment in the car's trunk cannot stand. The evidence is clear that the abduction was the incidental means employed to facilitate the commission of the underlying crime of rape. This first incident did not last longer than 45 minutes and the acts upon which the kidnapping count was based were entwined with the commission of the crime of rape. The rape could not have been committed without these acts, and independent criminal responsibility may not be attributed to them *(People v Cassidy, supra; People v Jackson,* 63 AD2d 1032; *People v Brinson,* 55 AD2d 844). Defendant's acts lack a genuine "kidnapping" aura and do not rise to the level of culpability to constitute kidnapping *(People v Cassidy, supra).* However, this does not result in a dismissal of the charge since the crime of unlawful imprisonment was established beyond a reasonable doubt and the judgment should be modified accordingly (see *People v Jackson, supra).* This doctrine, however, does not apply to the count of kidnapping related to complainant's imprisonment in the trunk of her car. This abduction was not necessary for the commission of the rape. She was forced at shotgun point into the trunk after the crime of rape was completed and was not released from its confines for many hours (see *People v Shay,* 60 AD2d 698; see, also, *People v McCray,* 61 AD2d 860). This kidnapping count is not based on acts which are so much a part of the crime of rape that the rape could not have been committed without them *(People v Stuckey,* 56 AD2d 898). Moreover, these acts bore no relationship to the unauthorized use by the defendant of complainant's motor vehicle. The court did not err in refusing to charge unlawful imprisonment as a lesser included offense. Although unlawful imprisonment in the first degree (Penal Law, § 135.10) is a lesser included offense of kidnapping in the second degree (Penal Law, § 135.20), there is no "reasonable view of the evidence" under which it could be found that the defendant committed unlawful imprisonment but did not commit kidnapping in the second degree *(People v Henderson,* 41 NY2d 233, 235; see, also, *People v Brinson, supra).* It is "only where there is *some basis in the evidence* for finding the accused innocent of the higher crime, and yet guilty of the lower one", that submission of an included crime is justified *(People v Mussenden,* 308 NY 558, 563; see, also, *People v Shuman,* 37 NY2d 302, 304

[emphasis supplied]). The testimony of complainant that she was abducted by the use and threatened use of deadly physical force, raped and then secreted in the trunk of her car was neither impeached nor contradicted. Her testimony was unequivocal and uncontroverted, except for her identification of defendant, and clearly established kidnapping in the second degree. Other contentions raised by defendant have been considered and found to be without merit. Accordingly, the judgment convicting defendant of kidnapping in the second degree for the restraint imposed upon complainant before the rape and until her imprisonment in the trunk of the automobile is modified, on the law and facts, by reducing it to a conviction of unlawful imprisonment in the first degree (CPL 470.15, subd 2, par [a]) and, as so modified, the judgment is affirmed. The case is remitted to the Erie County Supreme Court Criminal Trial Term for sentencing upon the unlawful imprisonment conviction (CPL 470.20, subd 4). (Appeal from judgment of Erie Supreme Court—kidnapping, second degree; rape, first degree, and another offense.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.