■ The People of the State of New York, Respondent, v Norman White, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Held, J.), rendered September 27, 1976, convicting him of kidnapping in the second degree and robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the kidnapping in the second degree conviction to one of unlawful imprisonment in the first degree and vacating the sentence imposed thereon. As so modified, judgment affirmed and case remitted to Criminal Term for resentencing and for further proceedings in accordance herewith. The complainant was coming home from work at 1:30 A.M. on May 22, 1973 when she was grabbed by the defendant and another and forced into their car at knife point. After they drove off, the defendant went through her pocketbook and took about $30. Ten minutes later they stopped the car. The defendant and the other perpetrator raped and sodomized the victim. Because light from passing cars was shining into the car, the perpetrators drove the car to another location. There they raped and sodomized the victim again, many times. All told, the victim was in the car approximately three and one-half hours. The defendant was convicted of kidnapping in the second degree and robbery in the second degree (but see *infra*). In *People v Smith* (47 NY2d 83, 87) the Court of Appeals reiterated the merger doctrine: " '[t]he merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' (*People v Cassidy*, 40 NY2d 763, 767; *People v Lombardi*, 20 NY2d 266)." The merger doctrine must be applied in this case and therefore the defendant's conviction of kidnapping in the second degree falls. The evidence presented at trial revealed that any detention of the victim was incidental to the commission of the charged robbery and of the uncharged rapes and sodomies. Thus, the proof of the kidnapping count was insufficient (see *People v Jackson*, 63 AD2d 1032; *People v Frazer*, 54 AD2d 965). The People argue that the horrendousness of the criminal behavior in this case warrants affirmance of the kidnapping conviction under an exception to the merger doctrine articulated in *People v Miles* (23 NY2d 527, 539): "the rule has no purpose of ignoring as independent crimes alternative or optional means used in committing another crime which, by the gravity and even horrendousness of the means used, constitute and should constitute a separately cognizable offense. Nor was the *Levy-Lombardi* rule intended to exclude from 'traditional' or 'conventional' kidnapping abductions designed to effect extortions or accomplish murder." The exception is not applicable here. The horrendous criminal behavior derives from the continuous and sometimes simultaneous acts of rape and sodomy, and not from the manner of detention. The three- and one-half hour detention was merely incidental to the sexual attacks. The insufficiency of the proof of kidnapping in the second degree does not result in a dismissal of the charge, however. Since the crime of unlawful imprisonment in the first degree was established beyond a reasonable doubt, we have modified the judgment accordingly. (*People v Jackson, supra; People v Frazer, supra; People v Ennis*, 50 AD2d 935.) We note that the trial record reveals that the jury convicted the defendant of robbery in the first degree while the extract of the clerk's minutes record the conviction as robbery in the second degree. At sentencing, the defense counsel, in an endeavor to minimize confusion, stated the conviction was robbery in the second degree and the court imposed a sentence pursuant to the defense counsel's representation. Obvi-

ously there is a discrepancy which should be investigated. The defendant has no right to a sentence based on an inadvertent mistake. We remit the case, *sua sponte,* to determine whether the defendant was convicted of robbery in the first or the second degree, and for resentencing, if the court mistakenly sentenced the defendant on the lesser crime (see *People v Wright,* 56 NY2d 613; *People v Minaya,* 54 NY2d 360; *People v Fournier,* 82 AD2d 893). Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.