■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. DRUMMOND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 15, 1982, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). This court cannot say on the record before it that defendant was denied the effective assistance of counsel (see *People v Baldi,* 54 NY2d 137, 146-147). For the most part, defendant's claims require the making of an additional record, and should be determined by way of a collateral or postconviction proceeding pursuant to CPL 440.10 (see *People v Brown,* 45 NY2d 852; *People ex rel. Hall v LeFevre,* 92 AD2d 956, 957). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ESTRADA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 15, 1981, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The plea of guilty by defendant constituted a waiver of all nonjurisdictional defects. We find no merit to defendant's other contentions. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT IRVIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Canudo, J.), rendered December 23, 1980, convicting him of rape in the first degree (four counts), sexual abuse in the first degree (four counts), sodomy in the first degree (three counts), kidnapping in the second degree, assault in the third degree and menacing, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for kidnapping in the second degree, and the sentence imposed thereon, and dismissing the said count. As so modified, judgment affirmed. As this court recently noted on the appeal of defendant's codefendant (*People v Ruiz,* 96 AD2d 603): "The conviction for kidnapping in the second degree cannot stand because the evidence revealed that any detention of the victim was incidental to the crimes of rape and sexual abuse (see *People v Cassidy,* 40 NY2d 763; see, also, *People v Webster,* 54 AD2d 703; *People v Fraser,* 54 AD2d 965; *People v Ghee,* 53 AD2d 699; *People v Mabery,* 51 AD2d 557)". Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. MORALES, Appellant. — Judgment of the County Court, Nassau County (Santagata, J.), rendered November 20, 1981, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.