■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BATTLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered May 17, 1985, convicting him of burglary in the first degree, grand larceny in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that his conviction for burglary in the first degree should be reversed because the trial court failed to apprise the jury of the factors delineated in *People v Gladman* (41 NY2d 123, 129). According to the defendant, this omission prevented the jury from making a proper determination as to whether he used or threatened the immediate use of a knife in the "immediate flight" from the crime scene *(see,* Penal Law § 140.30). However, because the defendant failed to raise that claim at trial, it is unpreserved for appellate review *(see, People v Balls,* 69 NY2d 641; CPL 470.05 [2]). In any event, any error in this regard was harmless under the facts of the case.

The defendant's further contention that the submission of verdict sheets to the jury deprived him of a fair trial is also unpreserved for appellate review *(see, People v Monroe,* 135 AD2d 741). However, that contention is without merit *(see, People v Fields,* 134 AD2d 365).

The defendant argues that he was deprived of *Rosario* material at his trial *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866). However, the record in this case is inadequate to make a determination as to that issue, which may be raised by way of a motion pursuant to CPL 440.10 *(see, People v Drummond,* 99 AD2d 760; *People v Sergi,* 96 AD2d 911).

Finally, under the circumstances of this case, there is no reason to disturb the sentence imposed by the trial court *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80, 86-87; *People v Granger,* 82 AD2d 643). Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.