■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO WOODS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 31, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the record before us we cannot say that the defendant was improperly deprived of *Rosario* material at his trial *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866). Given the inadequacy of this record, this issue would more appropriately be raised by way of a motion pursuant to CPL 440.10 *(see, People v Battles,* 141 AD2d 748; *People v Drummond,* 99 AD2d 760).

The trial court did not err in concluding that the interests of justice exception contained within CPL 60.42 (5) did not warrant inquiry into the victim's sexual history *(see, People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949). Moreover, the court's ruling with respect to defense counsel's questioning of the complainant regarding her alleged drug use and prostitution activities did not unduly infringe upon the defendant's

right of confrontation *(see, People v Chin,* 67 NY2d 22; *People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846).

Nor did the court improvidently exercise its discretion in granting the People's request to partially close the courtroom during the testimony of one of their witnesses. On the record before us we are satisfied that the court had before it sufficient facts so as to justify the closure of the courtroom to the defendant's family during the brief testimony of one witness who had indicated that she had seen members of the defendant's family in the courtroom and that she had been threatened by at least one of them *(see, People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946; *People v Hagan,* 24 NY2d 395, *cert denied sub nom. Hayer v New York,* 396 US 886; *People v Guevara,* 135 AD2d 566).

We have examined the prosecutorial summation and conclude that the remarks complained of constituted fair comment on the evidence or were made in response to the defense summation *(see, People v Galloway,* 54 NY2d 396; *People v Robinson,* 137 AD2d 564; *People v Oakley,* 114 AD2d 473).

We have considered the defendant's additional claims raised in his supplemental *pro se* brief and find them to be without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.