■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILAL RASHID, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered June 23, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the prosecution failed to turn over certain Rosario material at his pretrial suppression hearing has not been properly preserved for appellate review. The record reveals that during an adjournment of the hearing, the defendant's counsel requested production of a document allegedly prepared by the arresting police officer who had already testified at the hearing. The prosecutor acknowledged the existence of the document and promised that it would be turned over prior to the resumption of the hearing. Furthermore, the court stated that it would entertain an application to recall the officer to the stand in the event that the defendant's counsel found that the requested document provided a basis for further cross-examination of the witness.

On the following day, the hearing was concluded with the testimony of the complaining witness, and no further reference to the Rosario material was made on that date or at any subsequent point in the proceedings.

On appeal, the defendant claims that there was a complete failure to comply with the requirements of *People v Rosario* (9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866), which constituted per se reversible error *(see, People v Ranghelle,* 69 NY2d 56; *see also, People v Martinez,* 71 NY2d 937). There is no question but that the statement prepared by the officer concerning the arrest was *Rosario* material and should have been turned over to the defense following the officer's direct testimony at the *Wade* hearing *(see,* CPL 240.44 [1]). However, the record is totally silent as to whether or not the document was turned over to the defense, as promised, when the hearing resumed. The defense did not seek to recall the officer at the hearing, a possible course of conduct considered by both the defense attorney and the hearing court when the request was made for the statement. Likewise, the defense did not seek to preclude the officer from testifying at the trial because of any purported failure to provide *Rosario* material *(see, People v Martinez, supra),* nor did the defendant move for a mistrial *(see, People v Provenzano,* 154 AD2d 486).

In short, we simply cannot divine from this record what, if anything, happened with reference to this statement prepared by the officer. Indeed, the sparseness of the record invites only speculation. Was the statement produced by the prosecutor and then found by the defense counsel to be the duplicative equivalent of the complaint report which previously had been turned over? In that instance, there would be no *Rosario* violation *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914). Did defense counsel, after examining the statement, determine that there was little in it that would be of use in further cross-examination of the officer? By failing to request any sanction, the defendant has waived any claim of substantial prejudice resulting from the delayed disclosure of *Rosario* material *(see, People v Ranghelle, supra,* at 63; *People v Martinez, supra,* at 940). Is this a case in which, after the request for a specific document had been made and agreed to, both sides simply forgot about it *(see, People v Rogelio,* 160 AD2d 359) and the statement was not turned over to the defense?

Since a claimed *Rosario* violation is subject to a variety of sanctions, depending on whether there was ultimate compliance, and, if there was no compliance, the reason therefor, the mere request for material, without any other reference in the record, is not adequate to preserve the matter for appellate review *(see, People v Simonds,* 140 AD2d 236, *affd* 73 NY2d 945). The obligation of the defendant to make a record ade-

quate for appellate review has been recognized in each of the four judicial departments. We have refused to consider claimed *Rosario* violations where, as here, the record is silent on the question of the nature and extent of the violation, if any *(see, People v Woods,* 156 AD2d 609; *People v Battles,* 141 AD2d 748; *People v Drummond,* 99 AD2d 760; *People v Sergi,* 96 AD2d 911). The same result was reached in *People v Simonds (supra)* and in *People v Hentley* (155 AD2d 392), both from the Appellate Division, First Department, *People v Garrow* (151 AD2d 877, 878), from the Appellate Division, Third Department, and in *People v Tillman* (155 AD2d 976), from the Appellate Division, Fourth Department.

The lack of preservation and the inadequacy of the record forecloses any intelligent review of the sole claim raised by the defendant on this appeal. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.