■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH DIXON, Also Known as RANDOLPH DIXON, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered February 25, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals that during the testimony of one of the arresting officers, defense counsel requested production of a police "buy-op" report, and suggested that the Assistant District Attorney supply the document the next day. The court acquiesced in counsel's proposal. The defendant's counsel stated the next day that he still had not received the report. The record contains no further reference to the production or nonproduction of the document. On appeal, the defendant contends that the People's alleged failure to produce the report requires reversal of his judgment of conviction. We disagree.

As we have recently held, since the People's failure to produce *Rosario* material may be subject to a variety of sanctions depending upon the nature of the violation *(see, People v Martinez,* 71 NY2d 937), "the mere request for material, without any other reference in the record, is not adequate to preserve the matter for appellate review" *(People v Rashid,* 164 AD2d 951, 952; *see also, People v Woods,* 156 AD2d 609; *People v Battles,* 141 AD2d 748). Where, as here, the defense counsel failed to request a specific remedy in consequence of the People's alleged noncompliance with his request *(see, People v Martinez, supra; People v Haupt,* 71 NY2d 929; *People v Provenzano,* 154 AD2d 486; *People v Wells,* 144 AD2d 400), and where the record is otherwise silent as to whether the material was produced, intelligent appellate review of the claim is foreclosed *(see, People v Rashid, supra).* Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.