■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIN BOOKER, Appellant. [718 NYS2d 384] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 3, 1998, convicting him of murder in the second degree, attempted murder in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court, imposed September 24, 1998, upon his conviction of reckless endangerment in the first degree.

Ordered that the judgment and the amended sentence are affirmed.

It is well settled that issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the People failed to supply the videotaped Grand Jury testimony of a witness in violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), is unpreserved for appellate review. " 'The mere request for material, without any other evidence in the record, is not adequate

to preserve the matter for appellate review' " (*People v Dixon,* 165 AD2d 832, 833; *People v Rashid,* 164 AD2d 951, 952). Where, as here, the defense counsel failed to request a specific remedy as a consequence of the People's alleged noncompliance with his request, and where the record is otherwise silent as to whether the material was produced, appellate review of the claim is foreclosed (*see, People v Dixon, supra; see also, People v Graves,* 85 NY2d 1024). Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.