Matter of Booker v New York State Doccs Off. of Sentence Review (2018 NY Slip Op 07808)





Matter of Booker v New York State Doccs Off. of Sentence Review


2018 NY Slip Op 07808


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

525778

[*1]In the Matter of AMIN BOOKER, Appellant,
v
NEW YORK STATE DOCCS OFFICE OF SENTENCE REVIEW, Respondent.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Amin Booker, Elmira, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered October 19, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Department of Corrections and Community Supervision recalculating petitioner's parole eligibility date.
Following a jury trial, petitioner was convicted of murder in the second degree, attempted murder in the second degree and reckless endangerment in the first degree stemming from his conduct in shooting two people, one fatally (People v Booker, 278 AD2d 500, 500 [2000], lv denied 96 NY2d 826 [2001]; Booker v Ricks, 2006 WL 2239243, *1-2 [US Dist Ct, ED NY, Aug. 4, 2006, No. 02-CV-6456 (JG)]). Petitioner was sentenced in Kings County on September 3, 1998 to consecutive prison terms of 25 years to life and 20 years on the murder and attempted murder convictions, respectively, and to a concurrent seven-year prison term for the reckless endangerment conviction. This sentence was reflected in the sentence and commitment order signed the same date (hereinafter the first commitment order). Weeks later, the same Kings County court issued a second sentence and commitment order (hereinafter the second commitment order) resentencing petitioner to a prison term of 3½ to 7 years on the reckless endangerment conviction after determining that a determinate sentence for that conviction was not lawful. While the Department of Corrections and Community Supervision (hereinafter DOCCS) initially calculated petitioner's parole eligibility date based upon the foregoing sentences all running concurrently, it later reexamined the matter. After contacting the sentencing court for confirmation, DOCCS relied on the portion of the first commitment order [*2]directing that the murder and attempted murder sentences are to run consecutively, and recalculated petitioner's parole eligibility date to April 10, 2037.[FN1]
Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging DOCCS's reliance on the first commitment order and resulting recalculation of his parole eligibility date, arguing that the murder and attempted murder sentences should run concurrently to one another under the second commitment order. Supreme Court dismissed the petition, finding that DOCCS properly relied upon both commitment orders, and petitioner now appeals.
We affirm. Petitioner argues that DOCCS was bound exclusively by the second commitment order, which he contends directed that all of the sentences were to run concurrently. However, while the second commitment order lists all of the sentences, it reflects that petitioner was only resentenced on the reckless endangerment conviction and that the sentences on the murder and attempted murder convictions, as directed in the first commitment order, were not amended [FN2]. This is consistent with the characterization of the sentences on petitioner's direct appeal from his judgment of conviction and amended sentence (see People v Booker, 278 AD2d at 500; see also Booker v Ricks, 2006 WL 2239243 at *1, 2). Moreover, the second commitment order contains an explicit notation under "REMARKS" stating that the resentencing is "Nunc Pro Tunc to original sentence date of 9-3-98 (Resentenced on 9-24-98 as to time on REND1)," i.e., reckless endangerment in the first degree (emphasis added). This notation makes clear that the resentencing, as reflected in the second commitment order, was limited to amending the sentence on the reckless endangerment conviction. Accordingly, while DOCCS is "conclusively bound by the contents of commitment papers" and must "comply with the plain terms of the last commitment order received" (Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 362 [2008] [internal quotation marks and citation omitted]; see Jackson v State of New York, 139 AD3d 1293, 1294 [2016]), we find that DOCCS complied with this obligation by giving effect to both commitment orders in this manner.
Contrary to petitioner's claim, DOCCS did not administratively impose or amend his sentence when it treated the murder and attempted murder sentences as consecutive. DOCCS merely followed the unamended directive of the sentencing court's first commitment order (compare Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d at 362). Given the foregoing, petitioner has not demonstrated entitlement to any of the relief sought in his petition and the addendum thereto, which Supreme Court properly dismissed.
Devine, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Despite diligent efforts, DOCCS could not obtain sentencing minutes for the September 24, 1998 resentencing. The September 3, 1998 sentencing minutes are attached as an addendum to respondent's brief, although they are incorrectly dated as "1996."

Footnote 2: While the first commitment order made clear — under the preprinted phrase "The sentence on all Crimes is to run CONCURRENTLY unless otherwise indicated" — that the sentence on murder and attempted murder convictions, i.e., "crimes 1 & 2," "shall run consecutively," the second commitment order left this section blank, presumably because only the concurrent reckless endangerment sentence was modified therein.