■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SARDEGNA and CAROL SARDEGNA, Appellants. — Appeal (1) by defendant Jeffrey Sardegna from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered October 15, 1981, convicting him of attempted criminal possession of marihuana in the second degree, upon a plea of guilty, and imposing sentence, and (2) by defendant Carol Sardegna from a judgment of the same court, also rendered October 15, 1981, convicting her of criminal possession of marihuana in the fourth degree, upon a plea of guilty, and imposing sentence. The appeals bring up for review the denial of defendants' motion to controvert an eavesdropping warrant and to suppress physical evidence. Matter remitted to Criminal Term for an evidentiary hearing on the issue of minimization in accordance herewith relating solely to those conversations in which defendants participated, and appeals held in abeyance in the interim. Where minimization is at issue, the People bear the burden of going forward to show the legality of the police conduct in the first instance (*People v Floyd*, 41 NY2d 245, 250). At bar, the People failed to offer sufficient evidence to justify denial of the defendants' motion without a hearing. However, the right to object to the "use of intercepted conversations obtained through eavesdropping devices is personal and limited to a party to the conversation or whose premises are

involved" (*People v Butler,* 33 AD2d 675, affd 28 NY2d 499; see *People v Edelstein,* 98 Misc 2d 1018; *United States v Williams,* 580 F2d 578, cert den *sub nom. Lincoln v United States,* 439 US 832). Accordingly, since defendants had no proprietary interest in the subject premises they may object only to those conversations in which they participated. Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.