■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANNE SERGI, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 30, 1982, convicting her of attempted murder in the second degree, upon her plea of guilty, and imposing sentence. Judgment affirmed. Defendant moved to suppress a letter (a suicide note) allegedly written by her which was discovered as the result of a wiretap placed on a telephone listed in the name of, and located in the home of, one Ernest R. Hansen, who allegedly conspired with defendant to kill her husband. Defendant initially argued that the wiretap order, dated December 7, 1978, should not have been issued because the affidavits in support of the application contained "facts known * * * not to be true". During the course of the hearing held on her motion, defendant shifted the focus of her challenge. Defendant argued that the officers who executed the eavesdropping warrant violated the statutes authorizing the granting of a wiretap order and the provisions of the wiretap order itself, by failing to adequately minimize the interception of communications not otherwise subject to eavesdropping, viz., a privileged conversation between an attorney and client (CPL 700.20, subd 2, par [c]; 700.30, subd 7). Specifically, defendant argued that (1) the police officers who executed the eavesdropping warrant improperly intercepted a privileged conversation between Hansen and his attorney, (2) this illegally intercepted conversation led the police to the discovery of a suicide letter allegedly written by the defendant, and (3) the note therefore had to be suppressed as the "fruit of the poisonous tree". The County Court denied that branch of defendant's motion which attacked the wiretap order on the ground that it was based on insufficient affidavits. The court also rejected defendant's argument that the note was discovered as the result of an illegal interception of a privileged communication between Hansen and his attorney, holding that the note "was obtained from sources independent of Hanson's [*sic*] conversation" with his attorney. On appeal, defendant has abandoned her claim that the wiretap order was based on legally insufficient affidavits. However, she continues to argue that the suicide note was discovered as a result of the police officers' illegal interception of Hansen's privileged conversation with his attorney and should therefore have been suppressed. Defendant's argument must be rejected. It has been consistently held that the right to object to the "use of intercepted conversations obtained through eavesdropping devices is personal and limited to a party to the conversation or whose premises are involved" (*People v Butler,* 33 AD2d 675, affd 28 NY2d 499; *People v Sardegna,* 91 AD2d 671; *People v Weiss,* 63 AD2d 662, 663; *People v Edelstein,* 54 NY2d 306; *Alderman v United States,* 394 US 165; *United States v Williams,* 580 F2d 578,

cert den *sub nom. Lincoln v United States,* 439 US 832; *United States v Ahmad,* 347 F Supp 912, 933). The courts have refused "to extend standing for minimization purposes to third parties to vicariously contest the suppression rights of others" (*People v Edelstein,* 98 Misc 2d 1018, 1020; cf. *Rakas v Illinois,* 439 US 128). Since defendant failed to establish at the suppression hearing any proprietary interest in the subject premises, and was not a party to the conversation between Hansen and his attorney, she has no standing to attack the police interception of the conversation between Hansen and his attorney (see *People v Sardegna, supra; Rakas v Illinois, supra*).[1] Moreover, even assuming, *arguendo,* that defendant had standing to object to this allegedly illegal interception of a privileged conversation,[2] suppression of the note would not be warranted. It appears from the record that the police also intercepted calls between Hansen and his aunt, brother, and the defendant herself, wherein he mentioned the note. These intercepted conversations have not been attacked on any grounds. Under the circumstances, it is readily apparent that the discovery of the note was inevitable and the illegal interception of a privileged conversation between Hansen and his attorney was not a *sine qua non* of its discovery (see *People v Fitzpatrick,* 32 NY2d 499, 505-507, cert den 414 US 1033; *People v Wiggins,* 50 AD2d 910; *People v Simms,* 57 AD2d 579). Defendant further argues that the suicide note should not have been admitted into evidence because the chain of custody was not sufficiently demonstrated, and because there was insufficient proof that she authored the note, or did so voluntarily, without coercion by Hansen. These arguments are merely challenges to evidentiary rulings made by the trial court. By her plea of guilty (which was entered after the trial had commenced), defendant waived her right to appellate review of these alleged errors (see *People v Thomas,* 53 NY2d 338). Lastly, defendant argues that the prosecutor violated her due process rights to a fair trial by asserting at the subsequent trial of Ronald Lowe, an alleged accomplice, that defendant was coerced by Hansen into writing the suicide note. Defendant's argument, involving events subsequent to her conviction, raises matter outside of the present record. As such, the proper method of review is a motion to vacate the judgment pursuant to CPL 440.10. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.

---

1. Nor does the fact that the attorney was also representing defendant at the time of Hansen's call mandate a different result (cf. *People v Patrick,* 182 NY 131, 174-175).

2. Although defendant failed to establish at the suppression hearing that she had a proprietary interest in the subject premises, the papers submitted by the People in support of the application for an eavesdropping warrant indicate that Jeanne Sergi "set up house with Ernest R. Hansen" at the subject premises and that the premises served "as the residence of Jeanne Sergi and Ernest R. Hansen" (cf. *United States v Hinton,* 543 F2d 1002, 1011, n 13, where the Second Circuit Court of Appeals noted that a defendant might have standing to raise the minimization issue regarding a wiretap at a residence which she shared with her common-law husband).