■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GALLINA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered May 17, 1983, convicting him of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence obtained as a result of wiretaps (Adler, J.).

Judgment reversed, on the law, motion to suppress granted to the extent that any evidence obtained as a result of the wiretap orders granted June 18, 1981 and September 15, 1981, respectively, and any subsequent extension thereof are suppressed, and new trial ordered.

Defendant stands convicted of selling heroin to an undercover officer on July 30, 1981 and August 21, 1981. During the investigation which led to defendant's arrest, a series of wiretap orders were issued. The tapes of conversations intercepted as a result of those wiretaps formed the principal evidence admitted against defendant at his trial. On this appeal, defendant contends that the tapes of conversations intercepted as a result of those eavesdropping warrants should have been suppressed because of the District Attorney's failure to comply with statutory requisites governing wiretap orders. We agree that certain of the tapes should have been excluded and, therefore, we reverse the judgment of conviction.

We had occasion previously to review, on the codefendants' appeals, the series of wiretap orders in issue here (*People v*

*Troia,* 104 AD2d 389; *People v Gallina,* 95 AD2d 336). We determined that the tapes procured as a result of a warrant that had been issued on September 15, 1981 were not admissible because the September 15 warrant extending a prior order was invalid having been obtained six days after the original warrant had expired (*People v Gallina, supra,* pp 341-342). Any further extension, i.e., the warrant issued on October 13, 1981, was also held to be invalid (*People v Gallina, supra,* p 342). The People offer no compelling reason why we should deviate from that earlier holding.

The question of whether the warrant issued on June 18, 1981 was an unlawful extension of the prior wiretap order issued on May 8, 1981 was not addressed by this court on the earlier appeals because neither codefendant had standing to challenge the validity of the wiretap orders. Neither of the codefendants' conversations was intercepted as a result of the May 8 or June 18 wiretaps, nor did they have a proprietary interest in the telephone being tapped (see *People v Gallina, supra,* p 338; *People v Sergi,* 96 AD2d 911; *People v Sardegna,* 91 AD2d 671). Defendant herein was a party to the taped conversations procured as a result of those wiretaps and, therefore, has the requisite standing to raise substantive claims concerning those warrants.

We hold that the evidence derived from the wiretap order of June 18, 1981 was inadmissible. The original warrant expired on June 9, 1981. It was not until June 18, 1981, i.e., nine days after the original order had terminated, that an application for an extension was made. The extension was granted, with an authorization to terminate on July 17, 1981. Consistent with our reasoning in *People v Gallina* (95 AD2d 336, 342, *supra*) the statutory requirements prescribed under CPL article 700 must be strictly construed. Hence, the District Attorney's failure to comply with the requirement that an extension of an eavesdropping warrant be obtained prior to the expiration of the existing warrant (CPL 700.40) demands suppression of the evidence derived from the illegal extension order (see, also, *People v Washington,* 46 NY2d 116, 122).

On the other hand, we agree with the suppression court that the evidence obtained from the wiretap order issued on July 13, 1981 need not be suppressed. Concededly, the affidavit submitted in support of that wiretap order referred to three conversations intercepted on the telephone instrument which was the subject of the illegal June 18, 1981 extension. Nevertheless, our examination of the subject affidavit convinces us that it contained, without this illegally obtained evidence, sufficient

lawfully acquired information to provide probable cause for issuance of the eavesdropping warrant and thus its issuance was proper (see *People v Harris,* 62 NY2d 706; *People v Arnau,* 58 NY2d 27, cert den __ US __ , 104 S Ct 3585; see, also, *Franks v Delaware,* 438 US 154; *Silverthorne Lbr. Co. v United States,* 251 US 385; *United States v Falcone,* 505 F2d 478, cert den 420 US 955). Nor need any evidence derived from an extension on August 10, 1981 of the legal July 13, 1981 wiretap order be suppressed. That extension was timely sought, and the affidavit submitted in support of it contained no reference whatsoever to information derived from the illegal wiretap issued on June 18, 1981.

However, in light of the improper admission at trial of conversations derived from the illegal extension of the September 15, 1981 wiretap — conversations that not merely rendered defendant's agency defense less plausible but also referred to uncharged crimes, as we noted in dicta in *People v Gallina (supra,* pp 343-344) — we conclude that defendant's conviction must be reversed and a new trial ordered. Upon retrial, the People will be permitted to present evidence obtained from the legal wiretap orders issued on May 8, 1981 and July 13, 1981 and the extension granted on August 10, 1981.

We have considered defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.