■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RUGGIERO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered October 24, 1989, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that the complainant's identification testimony should have been suppressed because his identity was learned by virtue of a taped conversation between the complainant and a codefendant who did not receive *Miranda* warnings, although he was in "custody." We find no basis for suppression of the defendant's identification by the complainant. The right to object to the " 'use of intercepted conversations obtained through eavesdropping devices is personal and limited to a party to the conversation or whose premises are involved' " *(see, People v Sergi,* 96 AD2d 911). Therefore, the

defendant lacks standing to argue that the complainant's identification testimony should be suppressed as the fruit of a claimed violation of his codefendant's rights *(see, People v Velez,* 155 AD2d 708; *People v Sergi, supra).*

The defendant also argues that the complainant's identification testimony was tainted by the description provided by the codefendant to the complainant and by the suggestiveness of the photographic array. However, the complainant had an independent basis for his identification of the defendant, and thus, the defendant's motion to suppress the identification testimony was properly denied *(see, Manson v Brathwaite,* 432 US 98; *People v Williams,* 126 AD2d 766).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.