■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CASTROVINCI, Appellant. [611 NYS2d 604] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered July 23, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant became the focus of a criminal investigation and was subsequently arrested, after his telephone number and address were identified during police surveillance of telephone conversations at another location. Contrary to the defendant's contention, he had no standing to claim that the evidence resulted from the surveillance, which was conducted pursuant to a warrant, should be suppressed. The right to object to the use of intercepted conversations obtained through eavesdropping devices is personal and limited to a party to the conversation or whose premises are involved *(see, People v Ruggiero,* 177 AD2d 723). The court acted properly in summarily denying his motion to suppress without a hearing, since no question of fact was involved *(see, People v Gonzalez,* 116 AD2d 661). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.