Jones, J.
In People v Levy (15 NY2d 159, cert den 381 US 938) we held that an abduction in connection with the commission of a robbery would not in all circumstances support a separate charge for kidnapping.* The issue now before us is whether that so-called merger doctrine survived the 1967 Revision of the Penal Law with respect to kidnapping in the second degree under new section 135.20 of that law, and if so what should be the consequence of its application to the three cases now before us. We hold that the doctrine did indeed survive the statutory revision, and that it precludes a conviction of kidnapping in the second degree in each of these three cases.
The merger doctrine was of judicial origin and was based on an aversion to prosecuting a defendant on a kidnapping charge in order to expose him to the heavier penalty thereby made available, where the period of abduction was brief, the criminal enterprise in its entirety appeared as no more than *766 an offense of robbery or rape, and there was lacking a genuine "kidnapping” flavor (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 135.25, p 502). In the 1967 Revision of the Penal Law, the Legislature took note of the underlying problem and enacted a provision specifically requiring that for kidnapping in the first degree the abduction must be "for a period of more than twelve hours”. The People contend that, this legislative solution having been fashioned, there is no longer any occasion for the judicial doctrine. Specifically it is argued in the cases before us that the failure of the Legislature to incorporate in its definition of the crime of kidnapping in the second degree any requirement that the victim be taken a specified distance or confined a specified period of time can only properly be understood as manifesting an intention that prosecutions under that section should go forward without the necessity for any special additional proof with respect to the abduction, free from the constraints of the former merger doctrine. We cannot agree.
True it is that the 12-hour durational requirement of section 135.25 effectively renders application of the merger doctrine unnecessary with respect to prosecution on charges of kidnapping in the first degree. We find nothing in the legislative history nor in reason, however, which compels the conclusion that such pro tanto solution of the underlying problem was intended by the Legislature to write off the merger doctrine entirely or to eliminate it with respect to prosecutions for kidnapping in the second degree under section 135.20 of the Penal Law. The mere fact that the Legislature elected to require an extended period of detention for the most serious degree of the crime of kidnapping gives rise to no conclusion that it thereby intended every shorter abduction to constitute kidnapping in the second degree, thus abolishing the merger doctrine. If such had been the legislative intent, appropriate words to accomplish such result were readily available. Absent employment of such language, however, we presume that the statute was to be given effect—as it easily may be— consistent with the then outstanding principle of merger previously enunciated in People v Levy (15 NY2d 159, supra).
We do not find it compelling that there is now no disparity between the penalties for kidnapping second and robbery or rape first. Although ballooning of the penalty may thereby be said to have been eliminated there remains the comparably *767 objectionable exposure to multiple convictions. We note that the vitality of the doctrine was expressly recognized in People v Miles (23 NY2d 527) decided by our court more than 15 months after the Penal Law revision became effective. It is true that the criminal transactions in that case antedated the revision of the Penal Law, but there is nothing in the opinion to suggest that the continued recognition of the doctrine there turned on this circumstance.
The merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them. "It is this kind of factual merger with the ultimate crime of the preliminary, preparatory, or concurrent action that the rule is designed to recognize, and thus prevent unnatural elevation of the 'true’ crime to be charged. It is a merger suggestive of, but not quite like, the merger of the preparation and attempt with the consummated crime, a familiar concept in the criminal law.” (People v Miles, supra, at p 539; consider People v Richette, 33 NY2d 42, interpreting Penal Law, § 110.00.)
There is an exception to the doctrine, however, which in operation denies application of the rule in circumstances to which it would apply were it not for this qualification. This aspect invites attention to the manner or means employed in effectuating what would otherwise be the merged detention. "[T]he rule has no purpose of ignoring as independent crimes alternative or optional means used in committing another crime which, by the gravity and even horrendousness of the means used, constitute and should constitute a separately cognizable offense” (People v Miles, supra, at p 539). If such be found to be the circumstance, the kidnapping aspect aggravated by the particular means or manner of the abduction may then support a separate prosecution.
We turn then to the cases before us, in none of which was the means or manner of the detention such as to invoke the exception to the merger rule. In Cassidy a young woman was walking home in the early evening after having attended classes at Brooklyn College. Defendant grabbed her from the rear and dragged her at knifepoint some 70 feet into a garage where he sought to assault her sexually. After the victim lost consciousness, defendant left her. She did not regain con *768 sciousness until some two hours later. We agree with the Appellate Division that there was here no independent abduction; the detention of the victim was incidental to the commission of the crimes of assault and attempted sexual abuse. There was no asportation which could be the predicate for conviction of a separately cognizable offense; we cannot accept the contention that, because the assault did not take place on the street in full public view at the spot where the attack was initiated but rather occurred under cover in a garage about 70 feet away, it should be permissible to prosecute defendant for kidnapping as well.
We reach a similar conclusion in Dolan. There the victim was also walking home in Brooklyn, in this instance shortly before midnight. After asking directions defendant grabbed the victim and pulled her into an automobile at knifepoint. He then drove around stopping briefly several times to make sexual advances until finally the victim was dropped off a couple of blocks from her home about an hour and a half later. Again the "true” crime was the intermittent, continuing sexual assault and the confinement in the car was only the incidental means to the accomplishment of that assault.
Finally, in Usher, defendant grabbed a nurse as she was returning home from the hospital shortly after midnight. At knifepoint the nurse was pulled across the street to an abandoned building. Inside the vestibule defendant and an accomplice robbed their victim. The nurse was then taken through a courtyard into an adjoining building, up a flight of stairs and into a small room where she was raped at knifepoint. When defendant and his accomplice left, the nurse found her way out of the building, back onto the street and then to her home. In this instance there were two sequential but discrete crimes of violence, first robbery and then rape. As to each, however, the abduction here, too, was only the incidental means employed to facilitate the commission of the underlying crimes.
We hold therefore that the merger doctrine precludes conviction for kidnapping in the second degree in each of these cases.
It remains only to state with respect to defendant’s cross appeal in Cassidy that we do not find error in the trial court’s rulings with respect to the prospective use of his prior convictions for purpose of impeachment in the event that defendant took the witness stand. As to the claim that testimony of prior *769 identification was improperly admitted we note that the error, if any, was not preserved for our review.
Accordingly, the order of the Appellate Division should be affirmed in each of the three cases.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
In each case: Order affirmed.

 The criminological principle on which our decision in Levy was grounded had earlier found expression in the Model Penal Code adopted by the American Law Institute in 1962 (§ 212.1 and comments). The decision later found favor in California in People v Daniels (71 Cal 2d 1119).