### (July 28, 1977)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E. BELL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered October 20, 1975, convicting defendant upon his plea of guilty of the crime of kidnapping in the second degree in violation of section 135.20 of the Penal Law. Judgment affirmed. No opinion. Greenblott, J. P., Kane, Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). Defendant pleaded guilty to a single count of an eight-count indictment, kidnapping in the second degree. At the plea proceedings, in eliciting from the defendant the facts underlying the plea, the following transpired: "THE COURT: The crime that we are talking about is the sixth count of this indictment which charges you with the crime of kidnapping in the second degree which had to do with an incident which occurred on September 28, this year, approximately 3:30 A.M. at the Turf Inn parking lot having to do with a Carol A. Missick. Did you meet this lady at that time? THE DEFENDANT: Yes, sir. THE COURT: Did anything occur in the parking lot between you and her? THE DEFENDANT: Yes, sir. THE COURT: Tell me in your own words what happened? THE DEFENDANT: I followed her and another girl out of the bar. I met them both inside the bar. When we left they said they were headed towards home. I asked if ·I could ride with them I wanted to check on my truck. I was driving for David Smith for Allied Van Lines. They said all right. We drove around to the back. I asked them to stop. I got out of the car and at this point I was going to leave but I decided not to. I checked in my truck, got back inside the car. At this time I pulled the gun and told the girls to— THE COURT: You had a gun on your person? THE DEFENDANT: Yes, I did. THE COURT: It was a pistol? THE DEFENDANT: Yes. THE COURT: Revolver: THE DEFENDANT: I pulled the gun and told the girl to park beside the truck. THE

COURT: Then did you force them to go somewhere with you? THE DEFENDANT: No sir. I just forced them to stay there for approximately 40 minutes or so, at which point there was a struggle for the gun and I ran. THE COURT: Was there any incident that happened in the car? THE DEFENDANT: Sir? THE COURT: Anything that happened in the car? THE DEFENDANT: Yes. THE COURT: You had a gun on them all this time? THE DEFENDANT: Yes, sir. THE COURT: Did you threaten to use the gun? THE DEFENDANT: Yes, sir. THE COURT: Did you prevent them from leaving that car against their will? THE DEFENDANT: Yes, sir." The original indictment alleged that the defendant committed crimes of rape and sodomy against two victims and the crime of possession of a loaded revolver. The record is clear that the court aborted an explanation as to what occurred in the car between the defendant and the victims. In view of the inconsistent facts alleged in the indictment, which did not support a charge of both kidnapping and rape, the court should have been alerted to make further inquiry because of possible unfairness to defendant (*People v Cassidy,* 40 NY2d 763 [on the question of merger]; *People v Francis,* 38 NY2d 150; *People v Spinks,* — AD2d ——). The requisite elements of the crime should appear from the defendant's own recital and, if the circumstances of the commission of the crime as told by the defendant do not spell out the crime, the court should not proceed without further inquiry (*People v Serrano,* 15 NY2d 304). The court prevented a recital of facts. The plea proceedings were inherently unfair for that reason and on the further ground that defense counsel failed to appear for the sentencing to assure the accuracy and completeness of the proceeding and the court proceeded to sentence nonetheless, permitting the substitution of an attorney who obviously knew nothing of the case and could not protect the defendant's rights. The judgment of conviction should be reversed, the plea of guilty vacated and the case remitted to County Court of Albany County.