*86 OPINION OF THE COURT
Wachtler, J.
A jury convicted the defendant, Larry Smith, of robbery in the first degree (Penal Law, § 160.15, subd 2), possession of a weapon as a felony (Penal Law, § 265.05, subd 2), defacement of a weapon (Penal Law, § 265.10, subd 6), and unlawful imprisonment in the first degree (Penal Law, § 135.10). The Appellate Division unanimously modified by reversing the conviction for possession of a weapon, as an inclusory concurrent count as to the robbery, and otherwise affirmed. Leave to appeal was granted the defendant. The principal issue is whether under the facts presented the crime of unlawful imprisonment merged into the robbery offense. We hold that on this record no merger occurred.
In the early morning hours of June 16, 1974 the victim, Bivens, an off duty part-time police officer, was driving from Queens to his home in Freeport. At 1:30 a.m. while stopped at a traffic light his car was approached by Regina Jones[1] and the defendant, Larry Smith. Smith put a revolver to Bivens’ head and demanded his money. After being handed $22, Smith, who entered the back seat of the car, directed Jones to get into the front seat. Smith then threatened to kill Bivens while Jones reached into Bivens’ pockets removing some change, keys and his driver’s license, and looked through the glove compartment. Then Smith demanded and was given the victim’s wallet. At this point, still brandishing the revolver, Smith ordered Bivens to start driving. After about one hour had passed, Smith told the victim to stop, and fled with his accomplice.
Defendant, arguing that the unlawful imprisonment charge merged into the robbery, notes that the merger doctrine applies to kidnapping in the second degree.[2] From this point, defendant reasons that as a lesser included offense of second degree kidnapping, unlawful imprisonment must of necessity be subject to the merger principle as well. Finally, defendant asserts that "under the facts in this case a charge of kidnapping would have merged into the robbery”. Hence, according *87 to the defendant, the unlawful imprisonment necessarily merged.
Initially it is noted that we need not decide at this time whether the merger doctrine applies in principle to unlawful imprisonment, for under the facts of this case no merger could be deemed to have occurred.
It is true, as defendant contends, that the merger doctrine was created to avoid prosecutions for kidnapping where the conduct underlying the charge constituted an inseparable part of another crime (People v Levy, 15 NY2d 159). As we recently noted, "[t]he merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them” (People v Cassidy, 40 NY2d 763, 767; People v Lombardi, 20 NY2d 266).
In People v Dolan (40 NY2d 763, 768) the defendant forced the victim into an automobile, and drove her around Brooklyn for an hour and a half. Several times during this period the defendant made sexual advances to her. Since "the 'true’ crime was the intermittent continuing sexual assault and the confinement in the car was only the incidental means to the accomplishment of that assault”, the merger doctrine barred prosecution for the kidnapping charge.
But the merger doctrine was not designed to merge true kidnappings into other crimes merely because the kidnappings were used to accomplish ultimate crimes of lesser or equal or greater gravity (People v Miles, 23 NY2d 527). Only if the conduct underlying the abduction was incidental to and inseparable from another crime, will the doctrine apply. Hence, in Miles where the defendants first attempted to kill the victim in New Jersey, and afterward drove him into New York to finally do away with him, the merger doctrine did not apply. Because the conduct comprising the kidnapping was separate and discrete from that underlying the attempted murder, both offenses could be prosecuted.
Under the facts of the present case, it is clear that no merger could be deemed to have occurred. The robbery was fully consummated before the victim was forced at gunpoint to embark on the hour-long drive. As in Miles, two separate crimes were therefore committed: first the robbery and then the unlawful imprisonment. Since the criminal conduct at the *88 root of the two crimes was different, the merger doctrine, even if available, could have no application.
We have reviewed defendant’s other contentions and find them to be without merit.
Accordingly the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Judge Wachtler.
Order affirmed.

. Jones pleaded guilty to robbery in the third degree (Penal Law, § 160.05).

. By amending the definition of kidnapping in the first degree to include a durational requirement of more than 12 hours, the Legislature has removed this crime from the ambit of the merger doctrine (People v Cassidy, 40 NY2d 763, 766; Penal Law, § 135.25, subd 2).