■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH WILLIAMS, Appellant. (Appeal No. 1.)—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant appeals from his conviction following a jury trial of attempted kidnapping in the second degree, attempted robbery in the first degree, attempted grand larceny in the third degree, and criminal possession of a weapon in the second degree. On July 1, 1975 defendant entered the Corbett Funeral Home in Rochester to keep an appointment that he had arranged with the manager, Shaver. Upon arriving at Shaver's office he excused himself and went into the bathroom. The manager entered his office alone. Shortly thereafter defendant entered the office, drew a double-barreled sawed-off shotgun from beneath a jacket he had draped over his arm, and pointed the gun at Shaver. According to Shaver, defendant said: "I'm going to kidnap you. If everything goes all right no one will get hurt but I'm not afraid to kill you." A detective listening to this conversation on an intercom testified that defendant said: "We're leaving here now. I'm going to kidnap you." Defendant then demanded corporate money and ordered

Shaver to open the safe. The manager complied but was unable to open the cash box inside. Defendant was in the act of forcing Shaver out of the funeral home to Shaver's car with the stated intention of compelling Shaver to call the assistant manager for money when he was apprehended by the police. We reject defendant's contention that his attempted asportation of Shaver did not amount to attempted kidnapping under the rule of *People v Levy* (15 NY2d 159) (see *People v Cassidy,* 40 NY2d 763; *People v Lombardi,* 20 NY2d 266) but was merely a "subsidiary incident" in relation to the attempted robbery and merged therewith. The attempted asportation here reflected a genuine attempt to abduct the victim and was separable from the attempted robbery. We affirm, therefore, the conviction for attempted kidnapping in the second degree. We also affirm the convictions for attempted robbery in the first degree and criminal possession of a weapon in the second degree. The People concede that the offense of attempted grand larceny in the third degree is a lesser included offense of attempted robbery in the first degree (see *People v Wallace,* 53 AD2d 1057). Accordingly, the conviction for attempted grand larceny in the third degree is reversed and that charge dismissed. We have considered the other points raised by defendant and find them to be without merit. (Appeal from judgment of Monroe County Court—attempted kidnapping, second degree, and other charges.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.