■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ALLEN BROWN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered June 7, 1982, convicting him of rape in the first degree, robbery in the third degree, criminal possession of a weapon in the third degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant asserts that his conviction for unlawful imprisonment should merge with his rape conviction (*see, e.g., People v*

*Geaslen,* 54 NY2d 510). Under the facts of this case, however, we find that there is a sufficient basis to warrant a conviction for unlawful imprisonment independent of defendant's rape conviction. After abducting the complainant, transporting her to a wooded location, binding her hands and tying her shirt and jacket over her head so she could not see and had difficulty breathing, defendant consummated the act of rape. Defendant then abandoned the complainant still bound and therefore "detained" in this secluded locale where she had to struggle for a considerable period of time to release herself.

Generally, under the so-called *Levy-Lombardi* rule (*People v Levy,* 15 NY2d 159; *People v Lombardi,* 20 NY2d 266), a defendant's initial detention and asportation of his victim which can form the factual predicate for a kidnapping or unlawful imprisonment charge may merge with that defendant's rape or robbery conviction as acts so closely related to the commission of the rape or robbery that independent criminal sanction is not warranted (*People v Geaslen, supra; cf. People v Smith,* 47 NY2d 83; *People v Pellot,* 105 AD2d 223). However, in the instant case, after the acts constituting the substantive crime of rape were completed, defendant further unlawfully detained his victim (Penal Law §§ 135.00, 135.05) in a manner which was not necessary to the completion of the rape.

Merger, as a judicially created rule, must be applied with caution so as not to thwart the intent of the Legislature (*see, e.g., People v Pellot, supra,* p 229; *People v Cassidy,* 40 NY2d 763, 765). We view the postrape detention accomplished here as an aggravating circumstance which the law is intended to proscribe.

The People presented overwhelming evidence of defendant's guilt, including witnesses who saw defendant holding the complainant's head down under the dashboard of her car on the way to the scene shortly before the commission of the rape, testimony of a long-time associate of defendant that he picked defendant up shortly after the rape near the scene, scientific evidence linking a piece of wire and shoelaces used to bind the complainant to a partial shoelace taken from defendant's sneakers and wire found in defendant's car, a footprint impression at the scene which matched defendant's sneakers and the complainant's in-court identification of the defendant. Consequently, we need not consider whether the court erred in denying defendant's motion to suppress evidence of the complainant's pretrial identification as any error

was harmless beyond a reasonable doubt (*People v Crimmins,* 36 NY2d 230; *People v Harris,* 84 AD2d 63, *affd* 57 NY2d 335, *cert denied* 460 US 1047).

Defendant's remaining contention is not preserved for our review as a matter of law and we decline to reach it in the interest of justice (*People v Medina,* 53 NY2d 951). Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.