■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS GOINES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 23, 1983, convicting him of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's contention on appeal that his conviction of unlawful imprisonment should merge with his robbery convictions is without merit. There is sufficient evidence to support the defendant's conviction of unlawful imprisonment independent of his robbery convictions.

The defendant and his accomplice quickly approached the complainant. They both pulled guns on him and threatened to shoot him when he attempted to escape. They dragged him to the driver's side of his truck where they handcuffed him to the truck's sideview mirror. The defendant and his accomplice then went through the victim's pockets and removed his wallet, which contained $500 in cash, a few checks, a bank card, and personal papers. They fled the scene, leaving their victim handcuffed to his truck. The postrobbery detention of the victim in this case is an aggravating circumstance which the law has intended to proscribe, since after the acts which constituted the substantive crime of robbery had been completed, the defendant further unlawfully detained his victim in a manner which was unnecessary to the completion of the robbery *(see, People v Brown,* 112 AD2d 1087).

We have reviewed the record and determined that in light

of the strong proof of the defendant's guilt, any errors committed by the prosecutor during his summation were harmless and thus did not deprive the defendant of a fair trial.

None of the defendant's claims with respect to the trial court's charge have been preserved for our review, nor do they warrant the invocation of our interest of justice jurisdiction. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.