■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEKI KALYON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered May 6, 1983, convicting him of kidnapping in the second degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals that on January 12, 1982, at about 5:15 P.M., the defendant, displaying a pistol, approached Ogur Dogan and ordered him to get into a car belonging to Gulseren Onar, the former wife of both the defendant and Dogan. Ms. Onar and her six-year-old daughter Goksen Dogan were sitting in the front seat. The defendant got into the back seat of the car and demanded that Dogan drive to the beach. Dogan drove instead in the direction of the 66th Precinct in Brooklyn. Upon seeing a patrol car less than a block away from the precinct, Ms. Onar jumped out of the car and the defendant fired two shots at her, striking her once and causing partial paralysis.

The defendant contends that the acts which comprised the kidnapping were incidental to, and therefore merged with, the crime of assault in the first degree. We disagree.

At the outset it should be noted that the defendant was only charged with and convicted of assault in the first degree with respect to Gulseren Onar. Thus, even if the defendant was correct regarding the merger of the assault and kidnapping convictions with respect to Ms. Onar, his two convictions for the kidnapping of Dogan and his six-year-old daughter Goksen would remain intact. The merger doctrine applies only if there exists some other crime with which the kidnapping can be merged *(see, People v Rios, 60 NY2d 764; People v Pellot, 105 AD2d 223, 229-230)*. Since, in the instant case, the defendant was neither charged with nor convicted of any crimes other than kidnapping with respect to Dogan and Goksen, there are no other crimes pertaining to these two victims with which those two kidnapping offenses could merge.

In any event, the merger doctrine is also inapplicable to the defendant's kidnapping and assault of Ms. Onar. The evidence showed that the defendant's assault of Ms. Onar was brought

on by her sudden attempt to escape from him and was not part of the planned kidnapping. Therefore, the actions which comprised the assault were clearly separable from those of the kidnapping *(see, People v Smith,* 47 NY2d 83). Moreover, the record reveals that the defendant most probably kidnapped his three victims in order to bring them to the beach to kill them. Since the kidnapping could be viewed as a kidnapping with intent to accomplish murder, the merger doctrine is simply unavailable *(see, People v Miles,* 23 NY2d 527, 539, *cert denied* 395 US 948).

The defendant further contends that the testimony of certain witnesses was "riddled with inconsistencies". Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we find no reason to disturb the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.