■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH MORALES, Respondent.—Order of the Supreme Court, New York County (Jeffrey Atlas, J.), entered June 21, 1988, which dismissed, before trial, counts 1 and 2 of the indictment charging defendant with second degree kidnapping and first degree unlawful imprisonment, is unanimously reversed, on the law, and these counts reinstated and the matter remanded for further proceedings.

The evidence before the Grand Jury established that defendant and his accomplices held the complaining witness hos-

tage for five hours. During this period of time, the victim was subjected to physical and psychological torture. He was handcuffed, whipped and urinated upon. The defendant, with the others, also threatened to kill him. Based on this, the defendant was indicted for assault and coercion inflicted on the complainant during the ordeal. He was also indicted for kidnapping and unlawful imprisonment for restraining the victim, on pain of death, against his will for over five hours.

Although Criminal Term agreed that the evidence before the Grand Jury was sufficient to support the kidnapping and unlawful imprisonment charges, it dismissed those counts of the indictment on the ground that those charges "merged" with the assault and coercion charges.

"The merger doctrine is intended to preclude conviction for kidnapping and related offenses based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without those acts and independent criminal responsibility may not be fairly attributed to them *(People v Cassidy,* 40 NY2d 763, 767)" *(People v Geaslen,* 54 NY2d 510, 516, 517). The doctrine has not evolved, however, to preclude the indictment and trial of a defendant for kidnapping or unlawful imprisonment where his conduct falls within the ambit of those statutes. Rather, it is intended to ameliorate the harsh sanctions imposed on those essentially guilty only of some less serious crime but whose underlying actions nevertheless fall literally within the provisions of the kidnapping statute *(see, People v Pellot,* 105 AD2d 223, 225, for history of merger doctrine). Even where kidnapping and the other crimes carry the penalty, the doctrine is applied to prevent "multiple convictions" *(People v Cassidy, supra,* at 767).

Since the rule's purpose is to prevent the unfair enhancement of punishment by the kidnapping statute for other substantive crimes committed by defendant, the appropriate time for the court to decide the issue is after trial. There has never been a remand by the Court of Appeals or the Appellate Division for a new trial, as would be required, if the merger issue were properly decided before trial. None of the cases dealing with merger even discusses any possible prejudice from the submission to the jury of evidence relating to the kidnapping charge *(see, e.g., People v Levy,* 15 NY2d 159, *cert denied* 381 US 938; *People v Irvin,* 99 AD2d 760; *People v Giampetruzzi,* 60 AD2d 541).

Moreover, only after the prosecution has presented its case

to the jury will the trial court have all the facts underlying the charges before it and be able to make an informed decision about whether the kidnapping charges should or should not be merged.

Since we find that Criminal Term's decision to dismiss the kidnapping and unlawful imprisonment counts before trial solely on the basis of the merger doctrine was premature, we do not reach the merits of whether the evidence warranted the application of that doctrine. Concur—Sullivan, J. P., Asch, Milonas, Ellerin and Wallach, JJ.