■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ADDISON, Also Known as GARREY ADDISON, Appellant.— Judgment, Supreme Court, New York County (Myriam Altman, J.), rendered May 2, 1986, which convicted defendant, after jury trial, of kidnapping in the first degree, robbery in the first and second degrees and criminal possession of a weapon in the second and third degrees, and sentenced him to 15 years to life and concurrent lesser terms, unanimously affirmed.

Defendant robbed, at gunpoint, an employee and patrons of a pizzeria in upper Manhattan. After taking their money and jewelry, he locked the victims in a rest room in the rear of the store. Defendant was standing alone in the front of the store, near the cash register, when he observed the police arriving.

In response to the arrival of the police, defendant returned to the rear rest room, grabbed the pizzeria employee by the hair, put his gun to her head, and dragged her in a neck armlock to the front of the store. Using her as a hostage and a shield, defendant shouted to the police that unless they let him go, he would kill the woman. Defendant then fired shots at the police, and eventually shot the woman in the head near her left ear. When the hostage fainted and fell to the ground, defendant threw his gun to the floor and was subdued by the police.

This evidence was sufficient to establish defendant's guilt of kidnapping in the first degree. (Penal Law § 135.25 [1].)

Contrary to defendant's contention, the merger doctrine is not applicable here and his conviction for kidnapping should stand. "The merger doctrine is intended to preclude a conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them." *(People v Cassidy,* 40 NY2d 763, 767.) Only if the conduct underlying the kidnapping was incidental to and inseparable from the other crime will the doctrine apply. *(People v Smith,* 47 NY2d 83, 87.)* Under the facts of this case, the kidnapping was a separate and discrete crime neither incidental to nor inseparable from the robbery. The robbery had been fully consummated before the defendant returned to the rear of the store and engaged in an independent criminal act of escalated violence by abducting the store employee at gunpoint and using her as a hostage and a shield. Accordingly, since a separate crime was committed, the merger doctrine does not apply and defendant's conviction is in all respects affirmed. *(See, People v Smith, supra.)* Concur—Murphy, P. J., Sullivan, Kassal, Ellerin and Smith, JJ.