THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS J. MOORE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of first degree unlawful imprisonment, second degree coercion and fourth degree promoting prostitution, defendant contends that the conviction for unlawful imprisonment merged with the coercion conviction, thus entitling defendant to dismissal of the unlawful imprisonment count. Under the doctrine of judicial merger, an unlawful imprisonment or kidnapping that is incidental to and inseparable from the commission of another crime merges with such other crime *(People v Geaslen,* 54 NY2d 510, 516-517; *People v Smith,* 47 NY2d 83, 87; *People v Cassidy,* 40 NY2d 763, 767). "The merger doctrine is intended to preclude conviction for [unlawful imprisonment] based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" *(People v Cassidy, supra,* at 767). By contrast, the merger doctrine has no application where the other crime is not one which ordinarily or necessarily involves an incidental element of restraint. Similarly, the merger doctrine does not apply where the kidnapping or unlawful imprisonment and the other crime are temporally distinct, i.e., where the kidnapping or unlawful imprisonment is fully consummated before commission of the other crime, or vice versa *(see, People v Smith, supra; People v Stein,* 119 AD2d 605, *lv denied* 67 NY2d 1057; *People v Brown,* 112 AD2d 1087, 1088; *People v Hatch,* 105 AD2d 549, 550-551).

We conclude that defendant's commission of unlawful imprisonment was not incidental to or inseparable from his commission of coercion. The crimes have distinct elements *(see,* Penal Law §§ 135.10, 135.60 [1]), and the crime of coercion can be and usually is accomplished without restraining the victim. Additionally, the unlawful imprisonment ended before the coercion was accomplished. The restraint occurred when the defendant forced the victim out of her house at knifepoint and ended when defendant allowed her to go to the police station accompanied by his sister. In contrast, the coercion was not completed until the victim asked police to drop the charge against defendant. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—unlawful imprisonment, first degree, and other charges.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.