■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD CARMICHAEL, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal defendant claims that

the charge of kidnapping merged with an assault charge (of which he was acquitted), precluding his conviction for kidnapping in the second degree; that evidence that he displayed what appeared to be a firearm was legally insufficient to support his conviction for criminal use of a firearm in the first degree (Penal Law § 265.09 [2]); and that the court erred in denying suppression of physical evidence seized during a search of the trunk of defendant's car. We conclude that these claims lack merit.

Where the asportation of a victim for a relatively short time is incidental to a robbery, rape or assault, the kidnapping charge merges into the other substantive crime, precluding a conviction for kidnapping *(People v Lombardi,* 20 NY2d 266; *People v Levy,* 15 NY2d 159, *cert denied* 381 US 938). The merger doctrine is inapplicable where, as here, the kidnapping was undertaken with an intent to commit murder *(see, People v Miles,* 23 NY2d 527, 539, *cert denied* 395 US 948; *People v Kalyon,* 142 AD2d 650, 651, *lv denied* 72 NY2d 1046). Moreover, asportation of the victim was not for the purpose of committing the assault; the assault was a separate crime that arose during the course of the kidnapping *(see, People v Smith,* 47 NY2d 83; *People v Kalyon, supra).*

The victim testified that when he was taken to defendant's vehicle, defendant had a gun in his hand and pointed the gun at him. A witness testified that defendant had his hand at his waistband while taking the victim to the car and that when he was apprehended, defendant had two guns in his waistband. Under either version, evidence that defendant displayed a weapon was legally sufficient *(see, People v Lockwood,* 52 NY2d 790; *People v Bynum,* 125 AD2d 207, *affd* 70 NY2d 858; *People v Knowles,* 79 AD2d 116).

When the victim escaped from defendant's car, he ran to a police vehicle and told the officer that defendant and others were going to kill him and that they had guns and a machine gun. He then pointed to defendant's car. A frisk of defendant revealed two handguns, but further search of the passenger compartment did not uncover a machine gun or any other weapon. Police then opened the trunk of the car and, in examining the contents of a brown plastic bag, found a quantity of cocaine. Police also found a revolver and a shotgun in the trunk. We conclude that search of the trunk and containers therein was justified and that suppression was properly denied. Where, as here, there was probable cause to believe that more weapons were located in the car, search of the trunk was proper *(see, United States v Ross,* 456 US 798, 825;

*People v Paone,* 103 AD2d 1012), including closed containers therein *(People v Ellis,* 62 NY2d 393; *see also, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—kidnapping, second degree, and other charges.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.