Bellacosa, J.
(dissenting). I respectfully dissent and vote to affirm.
The criminal enterprises of a trio of armed thieves revolved around a brazen robbery, burglary, kidnapping and unlawful imprisonment which lasted almost two hours. What is referred to as an "incident” (majority opn, at 121) rotated between the restaurant where the primary victim was robbed of his day’s receipts; his home, to which he was abducted by the *126 thieves who wanted an additional $50,000 (where six other members of the primary victim’s family were held hostage while the house was ransacked); and then back at the restaurant with the primary victim while one of the thieves stayed at the house with his family. No new principles of law emerge from this case; rather, two well-established rules are simply badly applied, in my view.
The order of the Appellate Division unanimously affirming the judgment of conviction rendered after separate jury verdicts on a jointly conducted trial against the three perpetrators was correct, certainly as to the only appellant before us. This defendant, Cain, should not be able to piggyback on a possible gaffe committed by one juror concerning a codefendant’s verdict. The trial court made a reasonable effort to contain the gaffe, yet its work is found to constitute reversible error. Also, the second well-settled rule involving the merger doctrine between robbery and kidnapping does not pertain to the facts of this case, and the conclusory rejection of the jury’s resolution of the facts, sustained by two courts below, surely smacks of fact finding by this court in this instance (majority opn, at 125).
First as to the merger doctrine, we know it applies only when the conduct underlying the abduction is "incidental” to and "inseparable” from another crime (People v Lombardi, 20 NY2d 266; People v Levy, 15 NY2d 159, cert denied 381 US 938) and cannot be viewed as "independent” (People v Cassidy, 40 NY2d 763, 767). Therefore, we should not apply this rule as a matter of law at this level "to merge true kidnappings into other crimes * * * of lesser or equal or greater gravity” (People v Smith, 47 NY2d 83, 87) when a reasonable view of the evidence supports the opposite conclusion. Here, the original plan of the gang of thieves was to rob the businessman-victim at his Brooklyn place of business. They took the day’s receipts and eventually his jewelry. Still unsatisfied, they shifted gears and added a significant new and separable dimension to their criminal enterprises. They proceeded with the already fleeced victim in their car to his home in Queens, and then ransacked the house while holding his entire family of six people captive in the house. Next, appellant Cain and his codefendant Jones again "accompanied” the restaurateur back to the Brooklyn business location where the original robbery took place, searching for and demanding an extra $50,000, while the third thief, Sharpe, stayed with the family back at the house.
*127 Under these circumstances, Cain should not be able to escape his independent criminal responsibility for the kidnapping charge. The described scenario proved beyond a reasonable doubt that the robbery and kidnapping were factually separable and clearly constituted a "change[ ] in purpose and direction” from the original robbery sufficient to remove the kidnapping from the Levy-Lombardi doctrine of merger (People v Miles, 23 NY2d 527, 539; see also, People v Riley, 70 NY2d 523, 532).
The other legal issue, on which a new trial is ordered, stems from juror No. 7 blurting out a befuddled post-announcement-of-verdict query on the polling of the verdict only as to codefendant Sharpe. The query and the events which followed in the trial court’s attempt to reasonably deal with the situation had absolutely nothing to do with the integrity of the verdict rendered against Cain. Nevertheless, characterizing the Trial Judge’s struggle to manage the situation as the rendition of unauthorized "supplemental jury instructions” as to Cain, the majority orders a new trial for him. This third-party benefit to Cain is unwarranted and proves the danger of developing per se procedural rules which are then applied and extended unreasonably and preciously.
The multiple counts of robbery, burglary, kidnapping and unlawful imprisonment should be sustained because there is no error, and certainly no prejudicially reversible error, which inure to the detriment or benefit of this defendant. His trial and his guilty verdict were free of any taint and his conviction ought to stand undisturbed.
Chief Judge Wachtler and Judges Kaye, Alexander and Hancock, Jr., concur with Judge Titone; Judge Simons dissents in part and votes to reverse and order a new trial on all counts in a memorandum; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order reversed, the kidnapping charge dismissed, and a new trial ordered on the remaining counts of the indictment.