■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MOCUS, Also Known as VELJKO STAJIC, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered May 12, 1987, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

reversing the conviction for unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant that his conviction for unlawful imprisonment in the first degree should be reversed since it merged into the crimes of rape in the first degree and sodomy in the first degree. It is axiomatic that a person cannot be convicted of unlawful imprisonment when the restraint used is such that a substantive crime could not have been accomplished without it and, as such, the unlawful imprisonment was only incidental to the other crime *(see, People v Geaslen,* 54 NY2d 510; *see also, People v Scattareggia,* 152 AD2d 679; *People v Piotter,* 142 AD2d 939). A review of the record reveals that the unlawful imprisonment count was based on restraint which was incidental to, and inseparable from, the commission of the crimes of rape and sodomy. Accordingly, independent criminal sanction therefor is not appropriate *(see, People v Gealsen, supra; cf., People v Brown,* 112 AD2d 1087).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either without merit or do not warrant reversal of the conviction. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.