■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D'ANGELO and GUIDO D'ANGELO, Appellants.—Appeal by the defendants from two judgments of the Supreme Court, Kings County (Marrus, J.), one as to each of them, both rendered October 21, 1988, (1) the first of which convicted Guido D'Angelo of rape in the first degree, kidnapping in the second degree, criminal impersonation, and sexual abuse in the first degree (two counts) and (2) the second of which convicted Joseph D'Angelo of rape in the first degree, kidnapping in the second degree, and sexual abuse in the first degree (two counts), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The merger doctrine precludes conviction for kidnapping when based upon "acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not be fairly attributed to them" *(People v Cassidy,* 40 NY2d 763, 767; *see also, People v Geaslen,* 54 NY2d 510, 517; *People v Smith,* 47 NY2d 83). However, the doctrine does not preclude kidnapping convictions "merely because the kidnappings were used to accomplish ultimate crimes of lesser or equal or greater gravity * * *. Only if the conduct underlying the abduction was incidental to and inseparable from another crime, will the doctrine apply" *(People v Smith, supra,* at 87; *see also, People v Miles,* 23 NY2d 527, *cert denied* 395 US 948).

In the instant case, the defendants argue that the rape of which they were found guilty merged with their kidnapping conviction. We disagree. The complainant was driven through Brooklyn and Manhattan and into New Jersey for several hours before ultimately being raped. Under these circumstances, we find that the conduct underlying the abduction was not merely incidental to or inseparable from the rape and, therefore, the crimes did not merge *(see, People v Rodri-*

*guez,* 70 NY2d 523; *People v Carmichael,* 155 AD2d 983; *People v Kalyon,* 142 AD2d 650).

We have considered the defendants' remaining contentions and find that they are unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252; *People v Ray,* 127 AD2d 859; *People v Lowen,* 100 AD2d 518). Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.