THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHLEEN E. DENNEE, Appellant. [743 NYS2d 798] —Appeal from a judgment of Lewis County Court (Burke, J.), entered March 26, 1999, convicting defendant after a jury trial of, inter alia, unlawful imprisonment in the first degree (176 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of 176 counts of unlawful imprisonment in the first degree (Penal Law § 135.10) and four counts of assault in the second degree (§ 120.05 [2]). Defendant was sentenced to concurrent and consecutive terms of incarceration, with an aggregate term of 6 to 12 years. Contrary to defendant's contention, County Court properly permitted the People to present evidence of incidents that occurred in defendant's household. Those incidents involved uncharged crimes or bad acts with a common scheme of both cruelty and concealment of the underlying acts from authorities, and thus the evidence of those incidents was admissible (*see generally People v Henson*, 33 NY2d 63, 71-73; *People v Young*, 99 AD2d 373, 375-376). Also contrary to defendant's contention, the court properly allowed the People's forensic expert to testify that the origin of the injuries sustained by the victims was the daily ligature to which the victims were subjected while in the care of defendant. That forensic testimony was not within the common knowledge of the average juror (*see People v Shattell*, 179 AD2d 896, 898, *lv denied* 79 NY2d 1007; *People v McNeeley*, 77 AD2d 205, 210).

Defendant's further contention that the unlawful imprisonment charges merged with the grand larceny charges is without merit. Those crimes have distinct elements and defendant's commission of the crimes was "temporally distinct" (*People v Moore*, 154 AD2d 929, 929, *lv denied* 75 NY2d 773). Contrary

to defendant's further contention, the evidence is legally sufficient to support the conviction of the unlawful imprisonment counts. The victims testified concerning their nightly imprisonment at the direction of defendant, and their treating physician testified concerning the nature and extent of their injuries (*see* § 135.10). The evidence is also legally sufficient to support the conviction of the assault counts. The People presented evidence that defendant hit one victim with a paddle and struck her head with a cane, and that she smashed the other victim's hand with a cane, fracturing two fingers, and ordered the dog owned by that victim to bite her leg. Defendant's conduct caused fractures, bruises, or lacerations, and thus the evidence is legally sufficient with respect to the physical injury element of the assault counts (*see People v LaDuca,* 292 AD2d 851). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.