■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ANEKWE, Appellant. [744 NYS2d 874] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered April 29, 1999, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and unlawful imprisonment in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People's certificate of readiness was valid (*cf. People v Kendzia,* 64 NY2d 331, 337). Furthermore, the record demonstrates that the amount of time chargeable to the People is less than six months (*see* CPL 30.30 [1] [a]; *cf. People v Cortes,* 80 NY2d 201, 207). Accordingly, his speedy trial motion was properly denied (*see People v Coulter,* 240 AD2d 756, 757).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence (*see People v Private,* 259 AD2d 504; *People v Douglas,* 254 AD2d 367, 368; *People v Wilson,* 225 AD2d 568; *People v Ellison,* 222 AD2d 693, 694).

Under the circumstances, the trial court providently exercised its discretion in refusing to give an expanded identification charge. A detailed identification charge is not necessarily required, and the identification charge, as given, accurately stated the law (*see People v Knight,* 87 NY2d 873, 874; *People v Washington,* 209 AD2d 733, 734).

The trial court properly determined that the "merger doctrine" did not operate to preclude a conviction of unlawful imprisonment (*see People v Armstrong,* 250 AD2d 618; *People v Goines,* 122 AD2d 73; *People v Brown,* 112 AD2d 1087).

Moreover, the defendant was not deprived of his right to the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions, raised in his supplemental pro se brief, are either unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.