■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHNNY BANKS, Also Known as JOHN SCOTT, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDERICH DONOVAN, Respondent. [840 NYS2d 137]—

Appeal by the People, as limited by their brief, from so much of two orders of the Supreme Court, Queens County (Eng, J.), dated June 5, 2006, and June 12, 2006, respectively (one as to each defendant), as granted those branches of the defendants' respective omnibus motions which were to dismiss count three of the indictment charging each of them with felony murder in the second degree on the ground of legally insufficient evidence and count four of the indictment charging each of them with kidnapping in the second degree on the ground of legally insufficient evidence, with leave to the People to resubmit the case to another grand jury.

Ordered that the orders are reversed insofar as appealed from, on the law, those branches of the defendants' respective omnibus motions which were to dismiss count three of the indictment charging each of them with felony murder in the second degree on the ground of legally insufficient evidence and count four of the indictment charging each of them with kidnapping in the second degree on the ground of legally insufficient evidence are denied, those counts of the indictment are reinstated, and the matter is remitted to Supreme Court, Queens County, for further proceedings consistent herewith.

"To dismiss an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello*, 92 NY2d 523, 525 [1998], quoting *People v Jennings*, 69 NY2d 103, 114 [1986]).

Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Deitsch*, 97 AD2d 327, 329 [1983]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Bello, supra* at 526). Thus, "[t]he reviewing court's inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*id.*, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]).

A person commits the crime of kidnapping in the second degree when "he [or she] abducts another person" (Penal Law § 135.20; *see People v India*, 67 AD2d 488, 493 [1979]). Here, the testimony presented to the grand jury established that, at gunpoint, the defendants ordered one victim to walk from the inside of a bar to the street outside, where one defendant allegedly struck that victim several times with the butt of a gun. The movement of the victim from one place to another at gunpoint was legally sufficient to establish the element of abduction (*see* Penal Law § 135.00 [1], [2]; § 135.20; *People v Magliato*, 68 NY2d 24, 29 [1986]; *People v Dodt*, 61 NY2d 408, 414 [1984]; *People v Balcom*, 171 AD2d 1028 [1991]; *People v Salimi*, 159 AD2d 658, 658-659 [1990]).

The CPL "limits the Appellate Division's review to 'any question of law or issue of fact involving error or defect in the criminal court proceedings *which may have adversely affected the appellant*' (CPL 470.15, subd 1)" (*People v Goodfriend*, 64 NY2d 695, 698 [1984]). The defendants' contention that the kidnapping charge is barred by the "merger doctrine" was not considered by the Supreme Court, and is thus an alternative argument for affirmance. On the People's appeal, we are "without power to consider the defendant's alternate arguments for affirmance" (*People v Karp*, 76 NY2d 1006, 1008 [1990]; *see* CPL 470.15 [1]; *People v Goodfriend, supra* at 698). In any event, while the "merger doctrine" may be applicable at some later point, at this early procedural juncture it would be improper to dismiss the kidnapping count on such a ground (*see People v Morales*, 148 AD2d 325 [1989]; *see also People v Poladian*, 189 AD2d 911, 912 [1993]). The appropriate time for a court to decide whether the "merger doctrine" applies is "after trial" since the "rule's purpose is to prevent the unfair enhancement of punishment by the kidnapping statute for other

substantive crimes committed by defendant" (*People v Morales, supra* at 326). Further, it is only after the prosecution has presented its case to the jury that the trial court will have all the facts underlying the charges before it and be able to make an informed decision about whether or not the kidnapping charges should be merged (*id.* at 326-327).

Since the underlying felony count charged in the indictment is kidnapping in the second degree, the People also presented legally sufficient evidence to sustain the count of felony murder in the second degree (*see* Penal Law 125.25 [3]). In particular, the People alleged that while the kidnapping victim was being struck with the butt of a gun, a bystander intervened, causing the defendants to flee the scene while allegedly firing their weapons in the bystander's direction. The People further alleged that one of the shots struck the bystander, causing his death (*see People v Slaughter,* 78 NY2d 485, 490-491 [1991]; *People v Gladman,* 41 NY2d 123, 128-130 [1976]).

Accordingly, we reverse and reinstate those counts of the indictment charging the defendants with kidnapping in the second degree and felony murder in the second degree. Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.