■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE E. ROBINSON, Appellant. [956 NYS2d 239]—

Spain, J.

Supreme Court (Lamont, J.) did not abuse its discretion in denying defendant's motion to suppress the physical evidence as the product of an illegal stop and seizure or on the ground that the showup procedure was impermissibly suggestive. Town of Colonie police officers responded to radio dispatches of a black male—wearing a grey T-shirt and blue cap with a weapon—outside the business where the victim fled. Officers observed de-

fendant running in close proximity to the crime scene—matching that description in clothing and skin color—providing reasonable suspicion that he had committed these crimes and authorizing the officers to forcibly stop, frisk, search and detain defendant (*see People v Moore*, 6 NY3d 496, 498-499 [2006]; *People v De Bour*, 40 NY2d 210, 223 [1976]). Upon patting down defendant, police discovered the pellet gun in defendant's possession, as well as the victim's purse containing her credit cards, providing probable cause for his arrest (*see People v Shulman*, 6 NY3d 1, 25-26 [2005], *cert denied* 547 US 1043 [2006]). Thus, all of the evidence obtained from defendant was the product of a lawful stop and search incident to his arrest (*see People v Nesbitt*, 56 AD3d 816, 819 [2008], *lv denied* 11 NY3d 928 [2009]).

Moreover, the People demonstrated that the showup was reasonable, given that it was conducted within 15 to 20 minutes and just across the road from the crime scene and, thus, in close temporal and physical proximity (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *see also People v Gilford*, 16 NY3d 864, 868 [2011]). The victim immediately identified defendant from a distance of 20 to 35 feet, while still in the police car and without prompting, and the facts that defendant was handcuffed and flanked by two officers and the victim had been apprised that police had a suspect in custody did not render the procedure unduly suggestive or create a substantial likelihood of misidentification (*see People v Mathis*, 60 AD3d 1144, 1146 [2009], *lv denied* 12 NY3d 927 [2009]; *People v August*, 33 AD3d 1046, 1048-1049 [2006], *lv denied* 8 NY3d 878 [2007]). Defendant's motion to suppress was in all respects properly denied (*see People v Ortiz*, 90 NY2d at 537).

Next, defendant's conviction for kidnapping in the second degree did not merge with his attempted robbery conviction, because the acts alleged to support the kidnapping were not inseparable from the attempted robbery.* Under the merger doctrine, a conviction for kidnapping and robbery, or other crimes, is only precluded "if the restraint imposed was simply a minimal intrusion necessary and integral to the other crimes . . . and was simultaneous or inseparable from [them]" (*People v Kruppenbacher*, 81 AD3d 1169, 1170-1171 [2011], *lv denied* 17 NY3d

---

* Defendant raised this issue at trial during the People's case and, after extensive argument, Supreme Court (McDonough, J.) ruled that there was no merger. Defendant again raised it in a pro se motion pursuant to CPL 330.30. We note that the appropriate time for the court to decide an issue of merger is after trial (*see People v Morales*, 148 AD2d 325, 326 [1989]; *see also People v Banks*, 42 AD3d 574, 575-576 [2007], *lv denied* 9 NY3d 1004 [2007]).

797 [2011] [internal quotation marks, brackets and citations omitted]; *see People v Bussey*, 19 NY3d 231, 238 [2012]; *People v Perez*, 93 AD3d 1032, 1033-1034 [2012], *lv denied* 19 NY3d 1000 [2012]). The purpose of the merger doctrine is to preclude kidnapping convictions (and sanctions) for acts of restraint which are " 'so much the part of another substantive crime [like robbery] that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to [those restraining acts]' " (*People v Gonzalez*, 80 NY2d 146, 153 [1992], quoting *People v Cassidy*, 40 NY2d 763, 767 [1976]; *see People v Woodard*, 93 AD3d 944, 948 [2012]).

Under the uncontroverted facts established here, the merger doctrine is inapplicable because the acts constituting kidnapping were separate and distinct from the prior acts constituting attempted robbery, and the kidnapping was not merely incidental to or inseparable from the other crimes (*see People v Bussey*, 19 NY3d at 238; *People v Smith*, 47 NY2d 83, 87 [1979]). Defendant's actions in kidnapping the victim were a separate and additional offense in that the attempted robbery was completed inside the victim's workplace before she was forced at gunpoint out of the building to her car; her confinement was continued outside the building after the robbery, when she was ordered to unlock the car and get in and, thus, the merger doctrine does not bar this kidnapping conviction (*see People v Bussey*, 19 NY3d at 238; *People v Smith*, 47 NY2d at 87; *People v Rodena*, 170 AD2d 418, 418-419 [1991], *lv denied* 77 NY3d 966 [1991]). This subsequent, discrete conduct in the asportation of the victim to her car was not a "minimal intrusion necessary and integral" to the robbery attempt but, rather, was a crime in and of itself (*People v Gonzalez*, 80 NY2d at 153; *accord People v Kruppenbacher*, 81 AD3d at 1171), as the robbery (or attempt) could have been committed without the subsequent continuing confinement and restraint of the victim's movement (*see id.*; *see also People v Bussey*, 19 NY3d at 238; *People v Smith,* 47 NY2d at 87; *People v Black*, 18 AD2d 719, 720-721 [1962], *cert denied* 375 US 898 [1963]). Therefore, defendant's actions subsequent to the attempted robbery support a separate conviction and punishment for kidnapping.

Defendant's acquittal of robbery in the second degree (and conviction of the lesser included offense of attempted robbery in the second degree) does not alter the merger analysis or its applicability (*see People v Gonzalez*, 80 NY2d at 152). However, defendant could have easily completed the robbery inside the building when he first confronted the victim alone and, as such,

his continued restraint of her, at gunpoint out to her car, and his actions in ordering her into the car were not merely incidental to a robbery so as to find a merger (*see People v Romance*, 35 AD3d 201, 203 [2006], *lv denied* 8 NY3d 926 [2007]). Moreover, her quick thinking and fortuitous escape from her abductor, sparing her a more protracted ordeal, did not undermine the kidnapping conviction as a discrete crime (*see People v Mao-Sheng Lin*, 50 AD3d 1251, 1252 [2008], *lv denied* 10 NY3d 961 [2008]). Finally, defendant's challenge to the constitutionally of a trial judge deciding the issue of the applicability of the merger doctrine is not preserved for our review and will not be addressed (*see* CPL 470.05 [2]).

Peters, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.